COMMERCIAL CREDIT CORPORATION, Appellant, *v.* FRANK BYERLY
and WILLIAM H. LINFORD, Respondents.

Supreme Court, Erie County, December 17, 1927.

Bills and notes — liability of maker and indorser — buyer of automobile gave note to seller thereof who indorsed it over to plaintiff — no resale of automobile by plaintiff under Personal Property Law, §§ 79, 80 — buyer was discharged of all liability under Personal Property Law, § 80-c — release of buyer also discharged defendant seller under Negotiable Instruments Law, § 201 — surrender of note did not form basis of new agreement after plaintiff took possession of automobile.

This is an action on a promissory note arising from a sale of an automobile under a conditional sales contract under which the buyer of the vehicle gave the note to the seller who indorsed it over to the plaintiff. Since there was no resale of the automobile at public auction by the plaintiff, pursuant to sections 79 or 80 of the Personal Property Law, the buyer was released from all obligations on the note pursuant to section 80-c of the Personal Property Law, and the discharge of the buyer, the maker of the note, released the defendant seller under section 201 of the Negotiable Instruments Law as a person secondarily liable.

There was no new consideration flowing to the buyer, such as the surrender of the note, to form the basis of a new agreement after plaintiff took possession of the automobile. Nor can it be claimed that the failure of the buyer to defend the action in the lower court is in any way binding upon the defendant seller.

APPEAL from a judgment of the City Court of Buffalo in favor of the defendant.

*Buecking & Sengbusch*, for the appellant.

*Adon W. Crosby*, for the respondent Linford.

HINKLEY, J.  The history of the case is as follows, viz.: Upon the first trial in the City Court judgment was rendered in favor of the plaintiff, with an opinion by LAMSON, J.  Upon an appeal from that judgment this court reversed the judgment of the lower court and ordered a new trial.  (Opinion by Mr. Justice HORTON.) Upon such retrial in the lower court, judgment was rendered in favor of the defendant, from which judgment this appeal is taken. Whatever may have been the confusion heretofore the present action of this court is clear and certain.

Defendant Byerly bought of defendant Linford an automobile under a conditional sales contract, and gave his promissory note for the balance of the purchase price.  Defendant Linford then assigned the conditional sales contract and indorsed the note over to the plaintiff.  Thereafter the plaintiff took possession of the automobile on default of a payment on the note.

There are two sections of the Personal Property Law providing for the resale at public auction of personal property which the seller has retaken.  Section 79 of the Personal Property Law (as added by Laws of 1922, chap. 642), provides for the resale at public auction of such personal property in any case where the buyer has paid at least 50 per cent of the purchase price at the time of the retaking.  Section 80 of the Personal Property Law (as added by Laws of 1922, chap. 642) provides for the resale at public auction of such personal property upon notice by the buyer in any case where the buyer has not paid at least fifty per cent of the purchase price at the time of the retaking.  There having been no resale at public auction by the plaintiff herein under either section, it is immaterial, therefore, whether or not fifty per cent of the purchase price had been paid at the time of the retaking.

Section 80-c of the Personal Property Law (as added by Laws of 1922, chap. 642) is as follows:

" § 80-c. Rights of parties where there is no resale.  Where there is no resale, the seller may retain the goods as his own property without obligation to account to the buyer except as provided in section eighty-e, and the buyer shall be *discharged* of all obligations."

The word " resale " set forth in section 80-c, therefore, refers to a resale, irrespective of whether fifty per cent of the purchase price had been paid at the time of the retaking.  There having been no resale, defendant Byerly was discharged of all obligations.

Neither the contract nor the alleged request of Byerly to the plaintiff to sell at private sale can be taken as a waiver of the provisions of the Personal Property Law.  (*Crowe* v. *Liquid Carbonic Co.*, 208 N. Y. 396; *Adler* v. *Weis & Fisher Co.*, 218 id. 295.)

The discharge of the defendant Byerly, the maker of the note and a prior party upon the instrument, discharged the defendant Linford, the indorser of the note, who was secondarily liable.

Section 201 of the Negotiable Instruments Law is as follows: " A person secondarily liable on the instrument is *discharged:* 3. By the *discharge* of a prior party."

There was no new consideration flowing to Byerly, such as the surrender of the note, to form the basis of a new agreement after the plaintiff took possession of the automobile.

Nor could it be claimed that the failure of the defendant Byerly to defend this action in the lower court, as he could successfully have done, is in any way binding upon this defendant Linford.

It follows, therefore, that the plaintiff having retaken the automobile without resale, in accordance with the provisions of the Personal Property Law, discharged the maker Byerly and, by virtue of the Negotiable Instruments Law, likewise discharged the indorser Linford.

Judgment of the lower court affirmed, with costs.