ULSTER FINANCE CORPORATION, Respondent, *v.* HERMAN SCHROEDER and Another, Appellants, Impleaded with HARRY ELMENDORF and Another, Defendants.

Third Department, June 27, 1930.

*Andrew J. Cook,* for the appellant Herman Schroeder.

*Frederick G. Traver* [*Cleon B. Murray* of counsel], for the appellant William P. Glass.

*Frank W. Brooks,* for the respondent.

VAN KIRK, P. J. The action is brought to recover on a promissory note. The appellants were accommodation indorsers. On a motion for summary judgment the court has struck out the answers of the appellants as sham. The defendants Elmendorf did not appear. Judgment was rendered against the appellants for the full amount. The note was given October 3, 1925, in accord with the terms of a conditional sales contract for the sale of a truck and as a part of

said transaction. For a clear understanding of the issue between the parties the earlier history of this truck should be stated, particularly in respect to consideration.

Prior to the date of the note in suit and on November 6, 1924, this truck was sold by the defendant Glass to one Hallenbeck. The list price of the truck then was $5,735. Among the extra charges was a financing charge $926.43, and the total was $8,273.43. There was to be a cash payment, before delivery, of $2,757.81. Against this was an allowance, $2,000, for another truck in exchange, leaving a balance of $757.81. Apparently the seller Glass received this balance. The remainder of the purchase price was paid by a promissory note executed by Hallenbeck to Glass in the sum of $5,515.62. Immediately this contract was assigned to the plaintiff and, with the note indorsed by Glass, delivered to it. The plaintiff paid to Glass for the note the sum of $4,589.19, the discount being the same as the financing charge, $926.43, a sum in excess of sixteen per cent, and in addition to the interest upon the note. This sales contract was one of the cut-throat contracts in which the purchaser stipulated away all his protective rights; the seller could, upon default, seize the truck without process, sell it at public or private sale without notice, or retain it in its possession without any return to the purchaser; all payments theretofore made were to be retained by the seller on the stipulation that such payments were a reasonable price for the use of the truck between the time of sale and seizure. By the assignment of the contract and the note, plaintiff became possessed of all the rights of the seller; only it, upon default, could seize the truck  Hallenbeck defaulted and the truck was seized. It was not resold and under section 80-c of the Personal Property Law the seller, having retained the truck, held it as his own property without obligation to the buyer and the buyer was thereby discharged of all obligations. Glass was secondarily liable as indorser of the note. His obligation was discharged when the obligations of the buyer were discharged. (Neg. Inst. Law, § 201, subd. 3.)

Thus, when the note in question was given (October 3, 1925) as part of the second conditional sales contract of the same truck, plaintiff was the owner of the truck. The obligations of Glass to plaintiff had been discharged and Glass was indebted to plaintiff in no amount. The appellant Schroeder was a sales agent for trucks of this make. His interest in the transaction of October 3, 1925, was solely that he was to have a commission which was to be paid by the plaintiff. Nevertheless the sales contract recites that Glass and Schroeder are the sellers and the Elmendorfs the buyers. It is claimed by appellants that this was done to accommodate

plaintiff. This claim seems reasonable; it is in harmony with the facts. For some reason the plaintiff, the real owner, did not wish to appear as such. Perhaps it desired to justify its financing charge in this transaction, which was in excess of $883. The list price of the car was $4,902.76. The financing charge was added and a note for $5,785.76 was given. But this note was given not to the sellers named in the contract, but direct to plaintiff. The appellants indorsed the note they say at the request of the plaintiff and upon its verbal agreement that this was an accommodation to it for regularity and no personal liability would be enforced against them. The Elmendorfs defaulted in their contract. The plaintiff was then the owner of the contract and the only party which had a right to seize the truck; it was seized and has not been resold. It thus became the property of plaintiff. At the same time the plaintiff was the payee in the note and the note was, according to the stipulation in the contract, to be given to the seller. The appellants claim that, at the request of the plaintiff, after default under the first mentioned conditional sales contract, they took possession of this truck for it and under its direction; that they negotiated the sale under the second contract at plaintiff's request; that they indorsed the notes without consideration and to accommodate the plaintiff; that, after the default under this contract, they seized the truck under plaintiff's direction as its agent.

I think the facts in this case, if established by proof, would constitute a defense for the appellants in this action, on the ground (1) that, in the entire transaction of October 3, 1925, they were acting as the agents of the plaintiff, and what they did, showing an apparent obligation, was solely to accommodate the plaintiff; (2) that there was no consideration for the indorsement of the note; (3) that, by seizing and retaining the truck, the makers and indorsers were discharged of all obligation.

The plaintiff drew the contract and when it took the note payable to itself it knew all the facts; it does not stand in the position of a purchaser in good faith entitled to protection as such. This note has not been negotiated. Plaintiff is not a holder in due course. Failure of consideration is admissible as a defense between the parties. (*Miller* v. *Campbell*, 173 App. Div. 821; *Strong* v. *Sheffield*, 144 N. Y. 392, 394; Neg. Inst. Law, § 54; 8 C. J. 259, § 409.) The appellants should be allowed to prove an oral agreement that they became apparent sellers of the truck to accommodate plaintiff. (*Higgins* v. *Ridgway*, 153 N. Y. 130; *Witherow* v. *Slayback*, 158 id. 649.) The inference is a fair one that, since the plaintiff was the sole party having a right to seize and either sell or retain the truck, whatever was done concerning it by either of the appel-

lants was done under the authority and direction of the plaintiff and as its agents.

The judgment and the order striking out each separate defense of these appellants should be reversed and the case remitted.

HINMAN, DAVIS, WHITMYER and HASBROUCK, JJ., concur.

Judgment and order reversed on the law, with ten dollars costs and disbursements to the appellants.