Lee M. HARTLEY, Appellant,

v.

Karl HOLLMAN, Appellee.

No. 200.

Supreme Court of Alaska.

Dec. 14, 1962.

Robert E. Hammond, Anchorage, for appellant.

Robert C. Lowe, Anchorage, for appellee.

Before DIMOND and AREND, JJ., and FITZGERALD, Judge.

FITZGERALD, Judge.

Plaintiff, who is the appellant here, brought his claim to obtain judgment on a promissory note. The appellee contends the appellant at an earlier date had retaken possession of a motor vehicle sold on a conditional sales contract and by doing so made an election which now bars a recovery on the note. Trial was before a magistrate who made his findings on which judgment was entered for the appellee. An appeal was taken to the Superior Court which heard the case on the record made by the magistrate.[1] The Superior Court adopted the magistrate's findings and affirmed the judgment. Now appeal is made to this court. The record is brief and for the most part the facts are undisputed.

Appellant, as a car dealer, on December 26, 1952 entered into a conditional sales contract with the Red Cab Company of Anchorage. According to the contract, appellant agreed to sell Red Cab four motor vehicles for the sum of $5,244.37 payable in twelve equal installments. The contract was on a printed form and blank spaces were provided for the signatures of vendor and vendee. Appellant signed the contract as vendor. In the space left for the vendee appears the signature, "Charles Brady, Pres." The appellee placed his name directly under the signature of Brady but made no indication of his own corporate capacity. On the bottom of the printed form is a promissory note for $5,244.37. The note is likewise payable in twelve equal installments. Charles Brady and the appellee have placed their signatures on the note in the same manner they appear on the contract. To the left of the signatures at the

1. Civ.R. 107(a) provides that all appeals from the district magistrate's court in civil cases "shall be on the record unless the superior court, in its discretion, shall grant a trial de novo, in whole or in part."

foot of the note, the appellee, Karl Hollman, added his signature followed by the written word "individual". The note and the contract were part of a single transaction involving the sale of the vehicles for a stated consideration.

Karl Hollman had some undisclosed interest in Red Cab Company. Although his signature on the conditional sales contract does not disclose his corporate capacity, the contract is, by its terms, for the benefit of the corporation, and if only the contract were involved, he would not be personally liable.[2] He would be personally liable, however, on the note which he executed in both his corporate capacity and as an individual. In his individual capacity, Hollman signed the note as an accommodation maker, and it is in this capacity that his liability must be determined.[3]

The paper was sold to the National Bank of Alaska with recourse. After a number of installments were paid, the bank conveyed the title of two of the vehicles to Red Cab. Thereafter, Red Cab defaulted in its contract, and the bank had recourse against appellant. After appellant acquired the paper from the bank, he found one of the vehicles in the possession of the appellee. Arrangements were made for the appellee to deliver the vehicle to the appellant's place of business at Palmer, Alaska. And the appellant now concedes he has retaken possession of this vehicle under the Conditional Sales Act.

Appellant has made only one specification of error, and we restrict our consideration to this point only. The appellant urges that the appellee was not a buyer within the meaning of the Conditional Sales Act and thus cannot assert a defense under the Act. To put it another way, appellant now argues that the note was additional security for the sale, and its validity must be determined without reference to the contract to which it was annexed and which was subject to the provisions of the Conditional Sales Act.

■ The appellee relies upon the resale provision of the Conditional Sales Act, Sec. 29–2–24 A.C.L.A. 1949.[4] Since the appellant has retaken possession of the vehicle but has failed to comply with the provisions of the Act requiring notice to the vendee and a resale under certain conditions, he cannot now, appellee says, recover on the note against the vendee, Red Cab. And if the appellant may not recover against Red Cab, then the appellee contends appellant, likewise, cannot recover against the appellee.

Conceivably, after default of the contract by Red Cab, appellant had a choice of several remedies. But here we are concerned only with the effect of what he has chosen to do.

When appellant took possession of the vehicle, he was obliged under the Conditional Sales Act to retain possession for ten days in order to permit Red Cab, as buyer, the opportunity to redeem.[5] Since Red Cab

---

2. McDonough v. Templeman, 1 Har. & J. (Md.) 156, 2 Am.Dec. 510 (1801); Annot., 2 Am.Dec. 516 (1801).

3. Section 27–1–36 A.C.L.A.1949 provides: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

4. Section 29–2–24 A.C.L.A.1949 provides: "After the retaking of possession as provided in Section 16 [§ 29–2–16 A.C.L.A.

1949] the buyer shall be liable for the price only after a resale and only to the extent provided in Section 22 [§ 29–2–22 A.C.L.A.1949]. Neither the bringing of an action by the seller for the recovery of the whole or any part of the price, nor the recovery of judgment in such action, nor the collection of a portion of the price, shall be deemed inconsistent with a later retaking of the goods as provided in Section 16 [§ 29–2–16 A.C.L.A.1949]. But such right of retaking shall not be exercised by the seller after he has collected the entire price, or after he has claimed a lien upon the goods, or attached them, or levied upon them as the goods of the buyer."

5. Section 29–2–18 A.C.L.A.1949.

did not redeem within that time, and more than fifty percent of the contract price had been paid, appellant was required to offer the goods at public auction not more than 30 days after he took possession of the vehicle.[6] He failed to do this, and therefore Red Cab was discharged of all obligation to appellant.[7]

A discharge of "all obligation" was equivalent to a discharge of the written conditional sales agreement between appellant and Red Cab. This meant that the note was discharged also, since both the agreement and the note were parts of a single transaction whereby a designated sales price was agreed to be paid for specific vehicles.[8] And the discharge of the note operated to discharge the obligation of appellee as accommodation maker. An accommodation party is liable on an instrument to a holder for value notwithstanding such holder knew him to be an accommodation party.[9] But where between the original parties, as it happens here, a note is a part of an integrated transaction, it cannot be interpreted without reference to other relevant agreements.[10] And this is so even where one of two related contracts is a mercantile specialty, such as a negotiable instrument, and it is established that performance on the note was intended as part of an agreed exchange for performance by the other contracting parties. That is the situation here, not only as between appellant and Red Cab, but also as between appellant and appellee. The failure of appellant to comply with the statutory requirements of resale operated to excuse both Red Cab and appellee from performing their part of the bargain, which was to pay the sales price of the

vehicles in accordance with the terms of the promissory note.[11]

Of the cases principally relied upon by the appellant, Adamson v. Adamson, 251 App.Div. 187, 295 N.Y.S. 506 (1937) is not in point nor analogous. Interstate Ice & Power Corporation v. United States Fire Insurance, 243 N.Y. 95, 152 N.E. 476 (1926) is not inconsistent with our holding here.

The judgment is affirmed.

---

6. Section 29–2–19 A.C.L.A.1949.

7. Section 29–2–23 A.C.L.A.1949.

8. Section 27–1–161(4) A.C.L.A.1949 provides: "A negotiable instrument is discharged * * * [b]y any other act which will discharge a simple contract for the payment of money * * *."

9. Section 27–1–36 A.C.L.A.1949.

10. Restatement, Contracts § 235(c) (1932); 3 Corbin, Contracts § 549 n. 30, at 193–95 (rev. ed. 1960).

11. 3 Williston, Contracts § 840 n. 7, at 2357 (rev. ed. 1936). See Brannan, Negotiable Instruments § 120(4) (7th ed. 1948). Ulster Finance Corp. v. Schroeder, 230 App.Div. 146, 243 N.Y.S. 682 (1930); Commercial Credit Corp. v. Byerly, 131 Misc. 872, 229 N.Y.S. 283 (1927).