### ALEXANDER v. KELLNER et al.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

1. SALES (§ 460*)—CONDITIONAL SALES—NECESSITY OF WRITING.
  Lien Law (Laws 1897, p. 539, c. 418) art. 9, relating to contracts for the conditional sale of chattels, and containing provisions as to the signing of duplicate writings containing the contract, or the filing of such instruments for the protection of the seller against the claims of third parties and innocent purchasers, does not make a contract in writing for the conditional sale of chattels necessary as between the seller and buyer.
  [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1348; Dec. Dig. § 460.*]

2. SALES (§ 481*)—CONDITIONAL SALES—REMEDIES OF BUYER.
  Under Lien Law (Laws 1897, p. 541, c. 418) § 116, as amended by Laws 1900, p. 1624, c. 762, providing that the seller of chattels under a conditional sale, on retaking them, may cause them to be sold at public auction by giving notice to the buyer, and that if he does not give such notice the buyer may recover back the amount paid, a buyer, to whom no notice was given of the sale of the property after it was retaken by the seller, may recover the amount paid to the seller, although the buyer, after his

purchase of the property, gave a chattel mortgage on the property to one of the sellers, as the giving of such mortgage did not preclude him from showing that the title to the property still remained in the seller under the terms of the conditional sale.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 481.*]

Appeal from Trial Term, New York County.

Action by Mary H. Alexander against William Kellner and others. Judgment of nonsuit, and plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Henry Seagers, Jr., for appellant.

Abram Wieler, for respondents.

HOUGHTON, J. The plaintiff purchased a quantity of household furniture from the defendants, to be paid for in installments of $90 per month, which payments were subsequently reduced to $50 per month. The furniture was delivered, and the plaintiff testifies that her bargain with the defendants was that title should remain in the defendants until full payment of the purchase price had been made. The defendants are copartners, and plaintiff's purchase was made through one of them, the defendant Henry B. Kellner. After plaintiff had made various payments to the defendants, aggregating $490, the record shows that she gave to Henry B. a chattel mortgage upon all the goods purchased to secure the balance. Subsequently the plaintiff made further payments, until the total amount paid aggregated $1,154, which is a little more than one-third of the purchase price. The plaintiff defaulted in payments, and the defendants notified her that, unless she made a certain payment by a certain date, they would retake the property. The payment was not made, and the property was retaken, and, as claimed by plaintiff, resold by the defendants without notice to her. The plaintiff claims that this taking of the property so sold to her by conditional sale, and reselling it at private sale, instead of at public auction, without notice, was in violation of sections 116 and 117 of the lien law (Laws 1897, p. 541, c. 418, as amended by Laws 1900, p. 1624, c. 762), and that she is entitled to recover the amount which she paid on her purchase.

Section 116 provides that, whenever chattels are sold upon condition, that the title thereto shall remain in the vendor until payment of the purchase price and are retaken, they shall be retained for the period of 30 days from the time of such retaking, during which period the purchaser shall have the right to redeem upon payment of the purchase price, and that after the expiration of that period, and within 30 days, the vendor may cause such articles to be sold at public auction upon giving notice to the purchaser, and if he does not so sell the purchaser may recover back the amount paid. The learned trial court granted the defendants' motion for a dismissal of the complaint at the close of plaintiff's case, upon the theory, no doubt, that a contract of conditional sale of personal property must be in writing.

Article 9 of the lien law relates to contracts for the conditional sale

of chattels, and contains various provisions with respect to the signing of duplicate writings containing the contract, or the filing of such instruments for the protection of the vendor against the claims of third parties and of innocent purchasers; but it nowhere declares that as between the vendor and vendee such a contract must be in writing. Of course, if it is to be filed, or if duplicate copies are to be signed, it must necessarily be in writing. As between the vendor and the vendee, however, there seems to be no reason why a sale and delivery of chattels under an agreement that the title shall remain in the vendor until the purchase price is paid should necessarily be in writing. An oral agreement to that effect was held to be good in Tompkins v. Fonda Glove Lining Co., 188 N. Y. 261, 80 N. E. 933 as against subsequent purchasers with actual notice. The law specifies certain advantages to be had where an agreement for the conditional sale of chattels is in writing, and such advantages cannot be enjoyed unless the instrument shall be so reduced to writing. But we see no reason why one who has purchased goods by an oral contract, and agreed that the title to them shall remain in the vendor, is not entitled to the protection of the statute so far as it can apply to such an oral contract. It was formerly not unusual for dealers to sell goods to poor and ignorant persons upon the installment plan, title remaining in the vendors, and when the installments had been nearly paid, on a technical default, to retake the goods, leaving the vendee without redress. The Legislature very wisely sought to prevent this evil by providing that where chattels were sold, the title to remain in the vendor, upon retaking he should hold them for a certain period subject to redemption by the vendee, and if they were not redeemed he should sell at public auction on giving notice to the vendee, and if he did not so sell then the conditional vendee should be entitled to recover back what he had paid. There is no reason why the necessity for such sale on retaking should not apply to an oral agreement of conditional purchase, as well as to a written one.

The subsequent giving of the chattel mortgage by the plaintiff to one of the defendant partners was inconsistent with her claim that she had no title, but that it remained in the vendor; but it was not absolutely conclusive upon her in that regard. If the title to the property did remain in the defendants, she could give no valid chattel mortgage upon it, even to them. The defendants did not show that the goods were retaken by virtue of the chattel mortgage. Even if they were taken by virtue of it, that instrument contains quite an unusual clause to the effect that under certain conditions the amount paid by the mortgagor should be refunded. It not being necessary, as we conclude, that plaintiff's alleged contract of conditional sale should be in writing, the plaintiff made a prima facie case establishing such a contract and the retaking of the property by the vendors, and their failure to sell within the prescribed time and in the prescribed manner after notice entitled her to recover back the moneys which she had paid.

If these views are correct, the nonsuit was improper, and the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.