CAPITOL DISTRICT L. A. W. CORPORATION, Plaintiff, *v.* FREDERICK H. BLAKE, Defendant.

City Court of Albany, April 4, 1930.

*George Benedict Snyder* [*Clarence B. Wilcox* of counsel], for the plaintiff.

*Aufsesser, Murray & Pedlow* [*Frank A. Pedlow* of counsel], for the defendant.

BERGAN, J. Plaintiff sues under the provisions of a conditional sales contract for the balance due upon the purchase of an automobile. It appears from the pleadings and the testimony that less

than fifty per cent of the purchase price has been paid, but that the amount paid by defendant is in excess of $500.

Section 80 of the Personal Property Law (added by Laws of 1922, chap. 642), therefore, applies. This provides that there is no duty on the seller to resell the chattel unless certain demand by the buyer is made, not shown here, or unless the seller decides voluntarily to resell for the account of the buyer. The last sentence of section 80 directs the procedure for a voluntary resale if the seller elects that remedy. He is then governed by the provisions of section 79 of the Personal Property Law (added by Laws of 1922, chap. 642) which applies to compulsory resale.

The evidence here is that such election was made by the plaintiff, and in so carrying it out plaintiff attempted to comply with provisions of section 79.

There was a failure of proof adduced by the plaintiff as to compliance with the provisions of section 79 in the very vital particular of giving notice to the buyer. Evidence was adduced to show public posting, and the newspaper notice required where more than $500 has been paid, but plaintiff did not show that a notice was either mailed to the defendant by registered mail or that it was given him personally within the required time. That he had actual knowledge of the sale is insufficient. Each step provided in the statute must be taken. Proof as to the mailing of notice shows merely a return registered mail card signed by defendant. It fails to show that such letter contained the proper notice to the buyer, or what it contained. This falls short of the proof required of compliance with the statute.

Defendant counterclaims under section 80-e of the Personal Property Law (added by Laws of 1922, chap. 642). Having failed in its attempt to resell, plaintiff is in the same position as if it had not resold but had retained the chattel under section 80-c (added by Laws of 1922, chap. 642). This it had a right to do, as provided by section 80, less than one-half of the purchase price having been paid. Because of failure to comply with the terms of section 79, the attempted sale becomes a mere gesture, and while on the one hand it cannot be construed to give the plaintiff the right to recover for the deficiency, pursuant to section 79, on the other hand it cannot become the basis for a recovery on the counterclaim by the defendant, pursuant to section 80-e.

A fair construction of section 80-e would seem to imply that the right of the buyer to recover the damage or penalty therein provided must rest upon the failure of the seller to comply with preceding sections where he is under some duty and obligation to comply therewith to the injury of the buyer. The seller could have retained the chattel without accounting in any way to the buyer. He

attempted to do more than this, but his attempt to sell in accordance with section 79 cannot be said to have operated further than the retention of the chattel or to have injured the defendant. Taking all of those sections in their relation to each other, it does not appear that the plaintiff has failed to comply with sections 79 and 80 in such a way as to obligate himself to answer in damages to the defendant.

That the defendant might have been required to pay a deficiency if the plaintiff had succeeded in a resale is not controlling. There was no resale within the meaning of the statute. The parties are in precisely the same position as if none had been attempted. The result is the appropriation of the chattel under section 80-c by the plaintiff.

To recover on his counterclaim, the failure of compliance with section 79 must have rested upon a right of the defendant to have it complied with, such as a notice to resell under section 80 or a payment of more than fifty per cent of the purchase price. The decision of the Supreme Court, Erie county, in *Commercial Credit Corporation* v. *Byerly* (131 Misc. 872), rested on other facts and is not in point.

Judgment is rendered dismissing the complaint on the merits and dismissing the counterclaim on the merits.