MARK ELLNER and Another, Plaintiffs, *v.* COMMERCIAL CREDIT CORPORATION, Defendant.

City Court of New York, Bronx County, June 4, 1930.

*Modie Harris,* for the plaintiffs.

*Dills & Towsley [Walter G. Schelker, Jr.,* of counsel], for the defendant.

EVANS, J. The facts here are the same as those in *Ellner* v. *Commercial Credit Corporation* (136 Misc. 398), with the exception that, at bar, defendant, without demand being made upon it to sell the property, under the statute, did give a notice of sale and did conduct a sale of the property. The notice of sale, however, is conceded to be insufficient and the resulting sale, therefore, of no avail. Taking the same view as to what constitutes the " purchase price " as was indicated by this court in the *Ellner Case (supra),* the plaintiffs, at bar, had paid less than fifty per centum thereof. They were, therefore, not entitled to notice of sale, nor to have defendant sell the property, unless they made proper demand for such sale, as provided by section 80 of the Personal Property Law (added by Laws of 1922, chap. 642). No such demand having been made, the seller had the right to conduct a voluntary sale for the account of the buyer (Pers. Prop. Law, § 80); but in con-

ducting such a voluntary sale, it had to comply with the provisions of section 79 of the Personal Property Law (added by Laws of 1922, chap. 642). The purpose of voluntary sale is to give the seller the right to hold the buyer or his successor to the obligation for any deficiency. (Pers. Prop. Law, §§ 80-b and 80-d, added by Laws of 1922, chap. 642.) The voluntary sale, being ineffectual, because of the insufficiency of the notice, the seller has lost the right to surcharge the buyer with any deficiency. The buyer has gained this right from the insufficient notice, and no other. The buyer gains no right, from this procedure, to recover under section 80-e of the Personal Property Law (added by Laws of 1922, chap. 642). To have that right, the seller must have paid at least fifty per centum of the purchase price (Pers. Prop. Law, § 79) or must make a written demand for a sale (Pers. Prop. Law, § 80). The rights of the buyer and seller are strictly statutory, and a fair consideration of the statute leads me to the foregoing conclusions. The complaint of the plaintiff is, therefore, insufficient, and judgment on the pleadings, as supplemented by the stipulations annexed, must be ordered for defendant.