NATHAN EISENBERG, Appellant, *v.* COMMERCIAL CREDIT CORPORATION, Respondent.

(Argued March 6, 1935; decided April 16, 1935.)

*Raphael H. Weissman* and *Herman Scheckner* for appellant.

*Walter G. Schelker, Jr.,* and *Duane R. Dills* for respondent.

*Emil Weitzner, Samuel H. Kaufman* and *David G. Haskins* for Checker Products Sales and Service Corporation et al., *amici curiæ.*

O'BRIEN, J. Under a conditional sales agreement, plaintiff's assignor purchased from defendant's assignor fifty taxicabs, made some installment payments and defaulted on later installments. April 18, 1932, the seller retook possession of the chattels and on May 2, 1932, resold them. The complaint does not allege the date of the notice of resale. The time between the dates of repossession and resale is only fourteen days, but plaintiff contends that, pursuant to sections 78 and 79 of the Personal Property Law (Cons. Laws, ch. 41), it was entitled to an interval of twenty days.

Section 78 provides that " the seller * * * shall retain the goods for *ten days* after the retaking * * * during which period the buyer * * * may redeem the goods * * *." Section 79 provides that, " if the buyer does not redeem the goods within *ten days* after the seller has retaken possession, * * * the seller shall sell them at public auction, * * * such sale to be held not more than thirty days after the retaking. * * * The seller shall give to the buyer not less than *ten days'* written notice of the sale * * *." This is the effect of these two sections; the buyer has ten days after the retaking within which to redeem the goods but, if after the expiration of those ten days he fails to redeem, the seller, having given ten days' notice to the buyer, may then sell the goods. The ten days' notice of resale may be effected ten days prior to the expiration of the period of redemption and in such event the ten days' time for redemption and the ten days' notice of sale may run

concurrently. " The foreclosure sale under the Act can be held on the eleventh day after the retaking. The seller may give his notice of sale on the day of the retaking, fixing the resale on the day following the expiration of the period of redemption." (Bogert, Commentaries on Conditional Sales [Uniform Laws Annotated, vol. 2A, p. 163].) Although this question has not before been in this court, we think that the language of the statute compels the interpretation which we now give to it and is in harmony with the decisions of other courts of this State. (*Strickland* v. *Hare & Chase, Inc.*, 217 App. Div. 196, and several rulings at Special Term.)

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Judgment affirmed.