First District Court of Somerset County.

PLAINFIELD MOTOR COMPANY, PLAINTIFF, v. MARIE SALAMON, DEFENDANT.

Decided July 3, 1935.

For the plaintiff, *Richard B. Magner.*

For the defendant, *Frederick I. Pelovitz.*

Pope, D. C. J.   The plaintiff sold defendant an electric refrigerator on a conditional sales contract.   Upon default in making payments, the article was repossessed.   Less than fifty per cent. having been paid, the seller elected to resell for the account of the buyer.   The sale having produced less than the amount due on the contract, this action is to recover the deficiency.   Notice of sale was sent to defendant by registered mail to her proper address.   She having refused to accept the registered letter, it was returned to the plaintiff. The sale took place fifteen days after the goods were retaken.

Defendant's motion for a direction and judgment is submitted and rested upon three grounds:   (1) That plaintiff failed to give notice as required by the statute;   (2) that even if the attempt to give notice by registered mail (which defendant refused to accept), was a compliance with the statute, it was mailed before the expiration of the ten days redemption period fixed by section 19 of the Uniform Con-

ditional Sales act (*Pamph. L.* 1919, *ch.* 210, *p.* 461 (at *p.* 468); *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3134, § 182-105), and was, for that reason, ineffective, and (3) plaintiff was obliged to wait until the expiration of the ten days redemption period and then give ten days notice of a sale to be held after twenty days from the date of retaking.

The first reason advanced was practically disposed of at the time of argument for a nonsuit, when I held that the section referred to only requires—"the seller shall give to the buyer not less than ten days written notice of the sale, either personally or by registered mail." Plaintiff complied with this requirement and defendant will not now be heard to say she didn't receive notice because she refused to accept the registered letter. Indeed, counsel for defendant upon learning of defendant's refusal to accept the letter frankly conceded this to be correct.

The remaining reasons are interdependent and will be treated together. Whether the two ten days periods are intended to run consecutively or may run concurrently, is a question which seems never to have been passed upon by our appellate courts, if so, the decision has escaped the diligence of both counsel and the court as well.

Counsel have called my attention to cases by the Appellate Divisions of New York State (*Freeman* v. *Engal* (*N. Y.*), 185 *App. Div.* 218, which was followed in *Strickland* v. *Hare & Chase* (*N. Y.*), 217 *Id.* 196, and *Alvin Transport* v. *Fiske Discount Corp.,* 152 *N. Y. Misc.* 401), in construing a similar provision; it was held—the statute did not require "postponing the giving of notice of sale to the expiration of the first thirty days period," that being the period allowed for redemption by the New York act at that time. The defendant cites *Uptown Transportation Co.* v. *Fiske Discount Corp.,* 150 *N. Y. Misc.* 829. This branch refused to subscribe to the conclusions of the Fourth Department in Freeman v. Engel, and held, that the redemption period must expire before notice of sale is given. The reasoning seems to be that the words, "if the buyer does not redeem," express a legislative intent that the exemption period must expire before the property can be advertised for sale. Thus, we have a sharp

conflict between the appellate departments, and none of the cases cited seems to have reached the Court of Appeals. In this situation I am forced to rely upon my own reasoning.

A careful study of the act has led me to these conclusions: The buyer has until midnight of the tenth day in which to redeem, and no sale can be held in any event sooner than the eleventh day after retaking exclusive of the day of retaking. That the two ten-days periods mentioned in section 19 of the act may run concurrently, and that notice of sale given within the redemption period, the sale to be held not sooner than the eleventh day after retaking, is a substantial compliance with the requirements of the act. Of course, the giving of notice or advertising the sale would not deprive the buyer of the right to redeem. This is a chance the seller would have to take, and probably he could not add costs of advertising to the bill of expense and demand it of the buyer.

The Uniform Conditional Sales act was drafted by a commission of able lawyers after most careful consideration of the remedies to be accomplished. The welfare of the buyer was given especial attention and every reasonable safeguard erected and embodied therein for his protection. Its primary purpose seems to be to protect the buyer from imposition and loss. And while it is to be construed with this object in mind the court cannot read into the statute something the legislature omitted.

After retaking, if there is to be a resale, it must be held within thirty days. Had the authors of this act intended the seller to wait until the expiration of the redemption period before giving notice of sale, it would have been so easy for them to have added—"if the buyer fails to redeem within ten days the seller shall give ten days notice, &c.;" or other appropriate language. The act is very specific in its requirements, and it does not seem reasonable to suppose, the framers of this law, zealous as they were of the interests of the buyer, could have overlooked such an important feature, if it was so intended, nor is it reasonable to believe that our legislature would have passed it by.

Neither does there seem to be in the statute any reason apparent for such a construction. The buyer would gain

nothing by the delay as he could not redeem and thus prevent a sale after the expiration of the tenth day. Rather it would be to his disadvantage because storage and perhaps other charges would accumulate, increasing his liability in case of deficiency. Just how solicitous the framers were of the buyers' welfare is manifested by a perusal of its sections and particularly of sections 25, 26 and 29. *Cum. Supp. Comp. Stat.* 1911-1924, *pp.* 3135, 3136, §§ 182-111, 112, 115.

Being unable to find anything in the statute to justify the construction that the seller must wait until the expiration of the ten days redemption period before he gives to the buyer the prescribed ten days notice of sale, I conclude that this may be done within the redemption period providing full ten days notice be given of a sale to take place not sooner than the eleventh day after retaking.

The motion for a direction and judgment for the defendant will be denied and judgment awarded the plaintiff.