JOSEPH J. RYAN, Respondent, v. GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant.— Judgment reversed on the law, with costs, and complaint dismissed, with costs. Memorandum: We base our decision upon the reasoning contained in Capital District L. A. W. Corp. v. Blake (136 Misc. 651) and in Ellner v. Commercial Credit Corp. (137 id. 251). The case of Braham & Co., Inc., v. Zittel (232 App. Div. 406) had to do solely with the claimed recovery of a deficiency judgment and the language in the opinion in that case must be taken with regard to the claim there made, namely, for a deficiency. We said: " When the car was retaken, defendants had paid less than fifty per cent of the purchase price. The purchasers had a right,

under section 80 of the Personal Property Law, to require the resale of the car. No such demand being made, plaintiff was not bound to resell the coach. It volunteered to do so, however, and was, therefore, bound to comply with the same requirements which were imposed by the statute in the case of a compulsory resale. (Pers. Prop. Law, § 80.) '' No question as to the right of the conditional buyer to recover damages was there before the court and the language quoted as to the obligation to comply with the requirements imposed by the statute in case of compulsory resale refer only to the obligation so to do in order to recover for a deficiency. All concur. (The judgment awarded damages in an action to recover payments made on an automobile under a conditional sales contract.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.