KATHLEEN REGENHARDT, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.   Memorandum: Plaintiff's husband, Carl Regenhardt, and one Meyers rented defendant's premises by a lease dated October 11, 1938, for a period of seven months, to be used as a public skating rink.   During the term of the lease, and on December 27, 1938, plaintiff was injured by the falling of a door which was a part of the leased premises.   The lease provided that the lessees were to make all necessary repairs during the term of the lease.   The falling of the door was not due to any defect existing at the time the lease was made and the lessees went into exclusive possession.   Plaintiff's husband, one of the lessees, and plaintiff in a companion action, so testified.   Under these circumstances defendant is not liable to plaintiff.   While it is true that the lessor of premises which, when leased, have defects which are or should have been known to lessor, and which are leased for the purpose of being used by the public, is liable to the public for injuries caused by such defects (*Junkermann* v. *Tilyou Realty Co.*, 213 N. Y. 404), the liability does not exist when the premises were in good condition when leased.   This is true even though the lease provides that the lessor shall make necessary repairs   (*Cullings* v. *Goetz*, 256 N. Y. 287.)   In the instant case the duty of keeping the premises in repair was assumed by the lessees.   All concur. (The judgment is for plaintiff in a negligence action.   The order denies a motion for a new trial.)   Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

CARL REGENHARDT, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.   (See memorandum filed in companion case of *Kathleen Regenhardt* v. *The Prudential Insurance Company of America*, *ante*, p. 856, decided herewith.)   All concur.   (The judgment is for plaintiff in a negligence action.   The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

BRONISLAUS LEWANDOWSKI, Appellant, v. ARMIN G. KESSLER and JOHN A. KESSLER, Respondents.— Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the damages awarded are inadequate.   All concur.   (The judgment is for plaintiff in an automobile negligence action.)   Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ

IRENE LEWANDOWSKI, an Infant, by BRONISLAUS LEWANDOWSKI, Her Guardian ad Litem, Appellant, v. ARMIN G. KESSLER and JOHN A. KESSLER, Respondents.— Same decision and like cause of action as in companion case last above.   Present — Sears, P. J., Crosby, Lewis, Taylor, and Dowling, JJ.

NICHOLAS BENZA, Respondent, v. C. I. T. CORPORATION, Appellant.— Order so far as appealed from reversed on the law, with ten dollars costs and disbursements, and motion so far as it relates to the second cause of action granted, with ten dollars costs, on the authority of *Eisenberg* v. *Commercial Credit Corp.* (267 N. Y. 80).   All concur.   (The portion of the order appealed from denies defendant's motion to dismiss the second cause of action in plaintiff's amended complaint in an action in conversion.)   Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.