Percy M. Mott, Respondent, *v.* Alexander Moldenhauer, Appellant.

Third Department, April 30, 1941.

*Cashin & Ewig [Arthur B. Ewig of counsel], for the appellant.*

*Newton H. Fessenden [Guido J. Napoletano of counsel], for the respondent.*

Foster, J.  Defendant appeals from a judgment entered against him upon the verdict of a jury in an action for breach of contract. Plaintiff claims that on the 9th day of October, 1934, the defendant purchased from him a new Plymouth automobile and agreed to pay therefor the sum of $741.  Payment was to be made by the transfer of a used Plymouth automobile for which the defendant was to receive an allowance of $325, and the balance of $416 was to be paid within ten days.  To secure this amount defendant was

to execute a promissory note payable ten days thereafter. Pursuant to these terms of sale the plaintiff delivered the new car and received the old car of the defendant in return. Within two days thereafter the defendant repudiated the agreement and the plaintiff repossessed the new car, notifying the defendant that he was holding the same for his account; and in this connection plaintiff claims that the defendant failed to transfer his title to the old car.

The defendant denies any agreement to purchase and sets forth several affirmative defenses. *First,* that the alleged agreement was void under the Statute of Frauds; *second,* that the alleged agreement was a conditional sales contract, and that the plaintiff by retaking and retaining the new automobile without resale in compliance with the provisions of section 79 of the Personal Property Law relieved the defendant of any obligation under such contract; *third,* that the plaintiff by his conduct is estopped from claiming that the sale was other than conditional and also from claiming that his action after the retaking did not operate to discharge the defendant from further liability; *fourth,* that in another action between a third party and the plaintiff it was judicially determined that title to the defendant's old car did not pass under the agreement alleged, and that such judgment is *res adjudicata* as to the issues in this action.

The evidence does not sustain the defense of *res adjudicata.* Plaintiff, when he repossessed the new car, retained the old car of the defendant although he had no evidence of title thereto except his oral statements. In the meantime defendant had transferred title to this old car to a concern known as Colonial City Chevrolet, Inc. In a subsequent replevin action by this concern against the plaintiff in this action it was determined that he did not have good title to the old car and a judgment for the value thereof was rendered against him. The only effect of this decision in so far as the present action is concerned is to confirm the claim of the plaintiff that the defendant did not transfer to him a valid title to the old car, and hence does not constitute a bar to the other issues raised herein.

The evidence quite clearly reveals, however, that the alleged agreement was conditional in nature. On October 13, 1934, only four days after the purported sale, plaintiff wrote to the defendant in part as follows: " Under the terms of our agreement, title to the new car remains in me until it is fully paid for. There remains a balance of four hundred and sixteen dollars (416.00) which shall become due October twentieth, nineteen thirty four. Under the terms of your agreement you were to take care of the new car until payment in full for same should be made and since the notice you

have sent me of October tenth indicates that you are leaving it in the street where it is liable to injury, I am taking this car back to my garage at Esopus and holding it for your account." Again on November 17, 1934, plaintiff wrote to the defendant as follows: " I am still holding the new Plymouth Sedan you purchased from me in October. You have failed to live up to your agreement to pay for the same. This is to advise that unless such payment is made within ten days I shall be obliged to sell the car according to law and hold you for any deficiency that may remain. Please advise me at once what your intentions are in this matter." Plaintiff does not deny that a conditional agreement of sale was contemplated but asserts that the sale was not conditional because defendant failed to execute the note. In other words, because of the defendant's failure to execute the note, plaintiff assumed the right to declare the transaction an outright sale instead of a conditional sale as contemplated. We think this position is untenable. If there was a sale at all then it was, on the basis of the evidence presented, a conditional sale.

A conditional sales agreement need not necessarily be in writing (*Alexander* v. *Kellner*, 131 App. Div. 809), but an alleged agreement of this character may be unenforcible under the Statute of Frauds, if the value of the goods involved is more than fifty dollars, unless the buyer accepts part of the goods and actually receives the same, or gives something in part payment, or unless some note or memorandum in writing is signed by the buyer or his agent. (Pers. Prop. Law, § 85.) Within the meaning of the statute there is an acceptance of the goods either before or after delivery if the buyer expresses by words or conduct his assent to become the owner. Since there was a conflict of testimony as to whether the defendant made any agreement to purchase, and there was no effective transfer in writing of the title to either car, a question of fact arose as to whether there was an acceptance of the goods within the meaning of the statute by words or conduct on the part of the defendant. This phase of the case was not presented with any degree of clarity by the charge of the trial court to the jury.

If we assume, however, that a conditional sale was made, the plaintiff's subsequent procedure is fatal to the judgment herein. Less than fifty per cent of the purchase price had been paid, and he was, therefore, under no obligation to resell for the benefit of the defendant, for the latter had made no demand for a resale. (Pers. Prop. Law, § 80.) If he did not resell and retained the car as his own property, then the defendant was discharged of any obligation. (Pers. Prop. Law, § 80-c.) Plaintiff claims to have retained the car for the account of defendant, and to have volun-

tarily resold the same at private sale on January 23, 1935. Such a voluntary resale for the account of the defendant was authorized by statute (Pers. Prop. Law, § 80), but only upon compliance with requirements which govern a compulsory resale, except as to the time within which the resale should be held. (*Braham & Co., Inc.*, v. *Zittel*, 232 App. Div. 406; *Interstate I. & P. Corp.* v. *U. S. Fire Ins. Co.*, 243 N. Y. 95; *Matter of White Allom & Charles Roberson of London, Inc.*, 253 App. Div. 220.) These authorities are somewhat conflicting, but only, we think, as to whether the time element essential in a compulsory sale is excepted from the requirements of a voluntary sale.

Section 79 of the Personal Property Law states the formalities necessary in a compulsory resale. In addition to selling the property within thirty days after repossession the vendor is obliged to give a written notice of resale to the buyer, and to post notices. Under the authorities cited, and in the case of a voluntary sale, the property need not be sold within the thirty-day period, but within a reasonable time after the retaking, otherwise an inference may arise that the seller has retained the property on his own account. (*Interstate I. & P. Corp.* v. *U. S. Fire Ins. Co.*, supra.) The other requirements of section 79, however, apply to a voluntary resale as we have indicated. In this case plaintiff makes no claim that he complied with such requirements by serving and posting notices of sale. His failure in that regard rendered the resale nugatory in so far as the statute is concerned, and he is in the same position as if he made no resale. It follows that the buyer was discharged from any obligation under the alleged agreement. (*Commercial Credit Corp.* v. *Byerly*, 131 Misc. 872; *Ellner* v. *Commercial Credit Corp.*, 137 id. 251; Pers. Prop. Law, §§ 80-c, 80-e.)

Therefore, the judgment should be reversed on the law and facts and the complaint dismissed.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment reversed on the law and facts, and complaint dismissed, with costs.