62 N.J. Super. 77 (1960)
162 A.2d 109
BANCREDIT INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
HENRY MEYERS AND ANNIE MEYERS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 31, 1960.
Decided June 21, 1960.
*79 Before Judges CONFORD, FREUND and HANEMAN.
Mr. Charles Blume argued the cause for plaintiff-appellant (Messrs. Blume and Blume, attorneys).
No appearance for defendants-respondents.
The opinion of the court was delivered by CONFORD, J.A.D.
Plaintiff was the holder of defendants' promissory note and a conditional sales contract for the sale to them of a Cadillac automobile. Upon default by defendants plaintiff repossessed the vehicle, sold it for the account of defendants and then brought this action for the resulting deficiency. Defendants counterclaimed for statutory damages under R.S. 46:32-31 (derived from Uniform Conditional Sales Act, Section 25), citing an improper notice of sale. They recovered judgment therefor in the sum of $643.82, being one-fourth of the payments they had made prior to default. Plaintiff had previously withdrawn its complaint. It appeals on the ground that R.S. 46:32-31 was inapplicable for the reason that the sale was not compulsory, but only voluntary on the part of the seller.
The trial court's "Statement of Evidence and Proceedings" sets forth, inter alia:
"* * * It was stipulated between parties that the notice of sale given to the defendants was defective in that it contained the wrong address where the public sale of the motor vehicle was to *80 be held; that the notice of sale stated that the sale would be held on April 9, 1959, at 11:00 A.M. at Vin Motors at 487 Central Avenue, East Orange, New Jersey; but the sale was held at 487 Main Street, East Orange, New Jersey; that on April 9, 1959, the defendants, Henry and Annie Meyers did proceed to 487 Central Avenue, East Orange, New Jersey, at the time scheduled for the sale; that the defendants paid on account of the note and contract a total of $2,575.30 and that 25 per cent thereof was $643.82; that less than 50 per cent of the purchase price of the motor vehicle was paid by the defendants; that the total time price as set forth in the conditional sales contract was $8,351.80, and $2,575.30 having been paid, left a balance of $5,776.50 at the time of repossession. * * *"
The statute provides that where the buyer does not within 10 days redeem goods conditionally sold, retaken by the seller after default, and the buyer has paid at least 50% of the purchase price at the time of retaking, the seller shall resell them at public auction within 30 days. R.S. 46:32-25. The seller must give the buyer 10 days' written notice of the sale. Ibid. If the buyer has not paid 50% of the purchase price, the seller is not under a duty to resell unless the buyer serves the seller with a notice demanding a resale. R.S. 46:32-26. In that case, "the resale shall take place within thirty days after the service, in the manner, at the place and upon the notice prescribed in said section 46:32-25." Ibid. R.S. 46:32-26 goes on to provide, in language critical to the resolution of the issue before us, "The seller may voluntarily resell the goods for the account of the buyer on compliance with the same requirements." The proceeds of any resale are applied to the expenses of the sale and of taking and storing the goods, and to satisfaction of the contract balance. Any sum remaining is paid to the buyer. R.S. 46:32-27. The buyer is liable to the seller for any deficiency in the amount due resulting from the resale. R.S. 46:32-28.
R.S. 46:32-31, upon the basis of which the counterclaim was successfully prosecuted, reads as follows:
"If the seller fails to comply with the provisions of sections 46:32-24 to 46:32-27, 46:32-29 of this title, after retaking the *81 goods, the buyer may recover from the seller his actual damages, if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract, with interest."
An ordinary reading of the statutory provisions mentioned and an application thereof to the conceded facts of this case lead directly to the conclusion of liability of plaintiff on the counterclaim reached by Judge Ely in the District Court. The seller did retake the goods and failed to comply with R.S. 46:32-25 in that he gave such erroneous notice of the resale to the buyer as practically amounted to no notice at all. Although this was a voluntary sale by the seller for the account of the buyer, pursuant to the last sentence of R.S. 46:32-26, that section expressly requires that such a resale be conducted in accordance with the notice provisions of Section R.S. 46:32-25. There was thus, literally, a failure by the seller to comply with the provisions of the two sections just mentioned, and consequently liability under R.S. 46:32-31 for damages to the buyer in at least the fixed minimum specified by that section.
Plaintiff seeks to parry the logic of the foregoing synthesis by arguing that the resale held by the seller in this case was not compulsory, the buyer having paid less than 50% of the price and not having demanded the resale by notice, and that the Legislature could not reasonably have intended to allow the buyer an action for damages under R.S. 46:32-31 in such a situation. But we find a wholly plausible basis in the scheme and policy of the statute for sustaining and applying the plain legislative direction that the buyer's action should lie in this context. As was observed in Plainfield Motor Co. v. Salamon, 13 N.J. Misc. 570, 572, 180 A. 428 (D. Ct. 1935), in the drafting of the Uniform Conditional Sales Act, from which our statute is essentially taken, "[t]he welfare of the buyer was given especial attention and every reasonable safeguard erected and embodied therein for his protection. Its primary purpose seems to be to protect the buyer from imposition and loss." To this it may be added that the inclusion in R.S. 46:32-31 of the *82 minimum damage stipulation of one-fourth of the buyer's payments denotes, as well, a prophylactic legislative objective  to penalize infraction of the resale procedural requirements even where the particular buyer has sustained no actual damage, and thereby stimulate the adoption of habits of compliance with the statute by sellers as a class.
Where a statutory resale is held, whether compulsory or voluntary, the buyer's interest in strict compliance with the stipulated procedure for resale on the part of the seller has two facets. First, the more the resale brings, the less the amount of the deficiency for which the buyer may be held; second, if the sale produces an excess over charges and contract balance, the buyer is entitled to it. Both of these considerations remain pertinent, although generally in lessened degree, where the resale results from the voluntary election of the seller to conduct it rather than by reason of the existence of conditions making the sale mandatory under the statute. The moment the seller undertakes the procedural mechanics for a voluntary resale under R.S. 46:32-26, the buyer necessarily becomes invested with an interest in having the sale conducted in compliance with the statutory safeguards erected for his benefit so that the chances of minimizing a deficiency or achieving an excess at the sale may be advanced. It consequently follows logically that the policy underlying the sanction of the action for damages provided for by R.S. 46:32-31 is applicable fully to the case where the resale is voluntary rather than compulsory. The seller elects to have such a resale not out of motives of charity for the buyer but because he is dissatisfied with the remedy of keeping the goods and wishes to pursue the buyer for the deficiency he expects will eventuate from the sale. Therefore it is entirely appropriate for him to be required to pursue his voluntary remedy cum onere, i.e., subject to the action for damages specified in R.S. 46:32-31 should he fail to comply with the resale procedures expressly made applicable to voluntary as well as compulsory resales.
*83 Plaintiff counters these observations with the rejoinder that if he violates the statutory resale procedure he cannot recover a deficiency judgment, Veterans Loan Authority v. Rozella, 21 N.J. Super. 1 (App. Div. 1952), certif. denied 10 N.J. 343 (1952), and therefore the buyer does not need the additional protection of the action for damages. It is at once observable that this consequence follows as well where the seller conducts a compulsory resale and does not comply with the resale procedure. While there, too, he loses his right to a deficiency, this clearly does not derogate from the continued availability of the buyer's statutory damage action against him. There is no reason why the result should be different where the resale is voluntary. The statute itself makes no difference in the two situations. Apart from the seller's loss of right to deficiency, the impropriety in the notice of sale presumably has hurt the buyer's chances of realizing an excess at the resale. In any event, moreover, the legislative intent to penalize departures from the resale procedure of the statute in all resales remains a legitimate aid to construction of the act, entirely apart from the effect of such departures upon loss of the deficiency claim to the seller. Where a plain statutory directive is entirely consistent with the underlying legislative scheme, it must be enforced by the courts whether or not they think it necessary or advisable. The matter of policy is entirely for the Legislature.
Some of the New York courts have taken the position espoused by plaintiff here. Capitol Dist. L.A.W. v. Blake, 136 Misc. 651, 241 N.Y.S. 476 (City Ct. 1930); Ellner v. Commercial Credit Corp., 137 Misc. 251, 242 N.Y.S. 720 (City Ct. 1930); Ryan v. General Motors Acceptance Corp., 248 App. Div. 668, 288 N.Y.S. 912 (1936). The opinions in these cases do no more than make the points we have discussed and disposed of above. They do not consider the approach we have advanced herein based upon the scheme and policy, as well as the letter, of the statute, *84 and are altogether unpersuasive. The other authorities cited by plaintiff are not in point.
Plaintiff has at no time contended that it should not be treated as a seller for purposes of application of the provisions of the statute here involved.
Judgment affirmed.