70 N.J. Super. 156 (1961)
175 A.2d 212
PACIFIC DISCOUNT CO., INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
AARON POWELL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1961.
Decided October 30, 1961.
*157 Before Judges CONFORD, FREUND and LABRECQUE.
Mr. Russell H. Hulsizer argued the cause for plaintiff-appellant (Mr. Sollie Wolfman, attorney; Mr. Hulsizer, of counsel).
No appearance for defendant-respondent.
*158 The opinion of the court was delivered by FREUND, J.A.D.
Plaintiff appeals from a deficiency judgment entered after the foreclosure of its conditional sales agreement securing the accompanying promissory note.
On May 15, 1959 defendant purchased a used Oldsmobile from Lincoln Auto Sales (Lincoln). He executed and delivered to Lincoln a conditional sales contract and a promissory note providing for payment of the balance of $2,230.50 in 30 monthly installments. The agreement was assigned to Pacific Discount Co., Inc., and the note negotiated to them as a holder in due course. Powell defaulted when he had completed about one-half the payments. The car was seized and sold at public sale to plaintiff's president for $785, who then transferred it to Lincoln for the amount of his purchase price. After subtracting the payments already made, the amount recovered from the sale of the car and a refund of unearned insurance premiums, and adding 15% attorney's collection fee, plaintiff claimed a deficiency of $471.87. A suit on the note for that amount was instituted in the Essex County District Court.
After taking testimony, a default judgment was entered in favor of plaintiff, but allowed in the amount of only $79.18 to which was added an attorney's fee of $11.89. The trial judge concluded that defendant was entitled to a finance charge rebate of $316.05, being one half of the total finance charge entering into the purchase price. The judge acknowledged there was no applicable statute authorizing this deduction, but made findings and conclusions reflecting a view that the rebate should be allowed as a matter of public policy. Plaintiff contends on this appeal that it was not required to give a rebate in case of a default by the purchaser.
The Uniform Conditional Sales Law, R.S. 46:32-28, provides that if the proceeds of a resale are insufficient to defray the allowable expenses and the balance due upon the purchase price, the seller may recover the deficiency from the buyer in an action at law. Bergen Auto Company v. Mattarochio, 58 N.J. Super. 161, 164 (App. Div. 1959). *159 There is no requirement of a finance charge credit against the deficiency. Nor does any other section of the Uniform Conditional Sales Law (R.S. 46:32-1 et seq.), the old Retail Installment Sales Act (N.J.S.A. 17:16B-1 et seq.), or the new Retail Installment Sales Act of 1960, L. 1960, c. 40, § 1 et seq. (N.J.S.A. 17:16C-1 et seq.), provide for such rebate. In fact, there is some legislative intent to the contrary. The 1960 Retail Installment Sales Act and its predecessor both provide that a retail buyer may satisfy in full, at any time before maturity, the balance due under an installment contract and thereby become entitled to receive a proportionate refund credit on the "time price differential." N.J.S.A. 17:16C-43; N.J.S.A. 17:16B-7. Had the Legislature intended to require the seller to allow a credit in cases of default, as it does with prepayment, it would have so provided. The absence of such provision is a persuasive indication that the Legislature intended to limit the right to refund of finance charges to the case of prepayment. It is elementary that the intent of the Legislature is to be gleaned from the language of its statutes. We cannot arbitrarily expand the scope of any statute beyond the plainly expressed legislative intent. Eckert v. New Jersey State Highway Dept., 1 N.J. 474, 479 (1949); Publix Asbury Corp., Inc. v. City of Asbury Park, 18 N.J. Super. 286, 292 (Ch. Div. 1951), affirmed 18 N.J. Super. 192 (App. Div. 1952).
It does not appear that any other jurisdiction recognizes the allowance of a finance charge rebate in determining the amount of the deficiency under a conditional sale default. See 2 U.L.A., § 22, p. 35; 2A U.L.A., §§ 121, 122, pp. 163-68. While the primary purpose of the Uniform Conditional Sales Law is to protect the buyer from imposition and loss, nevertheless, we cannot read into the statute a provision the Legislature omitted. Bancredit, Inc. v. Meyers, 62 N.J. Super. 77, 81 (App. Div. 1960); Plainfield Motor Co. v. Salamon, 13 N.J. Misc. 570, 572, 180 A. 428 (D. Ct. 1935). There is also an implicit assumption in *160 Johnson v. Anderson, 37 N.J. Super. 117 (App. Div. 1955), that the buyer in default can only be allowed the statutory credits. For the reasons stated therefore, the trial court was in error in allowing the defendant a credit of $316.05 by way of a rebate of finance charges for 15 months.
The court also allowed defendant an additional credit of $15 for a foreclosure charge, which was not proved by the defendant to have been fair and reasonable. However, the plaintiff has not appealed this item. Therefore, we need not pass upon the correctness of that determination.
Accordingly, we remand and direct the entry of a judgment, increasing the existing deficiency of $79.18 by the addition thereto of the $316.05 disallowed by the trial court and the further sum of $59.28 for attorney's fee, being 15% of the total of $395.23, without costs on this appeal.