Thomas P. Farley, J.
This action to recover a deficiency arising under a conditional sales contract, together with attorney’s fees and late charges in the total amount of $1,035.95, was tried before the court without a jury. The third-party action was settled during trial.
On all the evidence I find that the defendants made no payments to the plaintiff on account of the original indebtedness of $942.96; that the plaintiffs repossessed the 1956 Pontiac automobile which was the subject of the agreement and thereafter sold the vehicle at public auction for the sum of $100.
Under section 80, etc. of the Personal Property Law (in the absence of a demand by the defendants for a sale) plaintiff had the option to either retain the repossessed vehicles as its own property with a resultant discharge to the defendants of all obligations under the contract (§ 80-c) or resell the same in compliance with section 79 of the Personal Property Law and seek a judgment for any deficiency arising from the sale (§ 80-b).
The procedural formalities for resale set forth in section 79 of the Personal Property Law require, among other things, the posting of three notices of sale in different public places within the filing district wherein the sale is to take place at least five days before the sale. Here there was no evidence of compliance with this prerequisite. The omission to post notices rendered the sale nugatory insofar as the statute is concerned and the plaintiff is in the same position as if it made no resale. The buyer was accordingly discharged from any obligation under the alleged agreement (Mott v. Moldenhauer, 261 App. Div. 724. 726, 727).
*187 The counterclaim and third-party action having been withdrawn during the trial, judgment may be entered in favor of the defendants.