Louis B. Heller, J.
In this action for a deficiency judgment against the defendant conditional purchaser, plaintiff now moves for summary judgment.
Defendant submits an affidavit in opposition challenging plaintiff’s claim for attorney’s fees, auctioneer’s fees and the amount received on the auction sale of the machinery and equipment in question. In addition, defendant contends that the machinery and equipment, subject of the sale herein, were defective and therefore not fit for the purpose for which they were intended.
It appears from the pleadings and affidavits that the defendant has paid less than 50% of the purchase price but in excess of $500. Thus the purchaser had a right, under section 80 of the Personal Property Law, to require the resale of the machinery and equipment. No such demand having been made, plaintiff was not bound to resell the afore-mentioned property. He volunteered to do so, however, and was, therefore, bound to comply with the same requirements which are imposed in a case of a compulsory resale under section 79 of the Personal Property Law. (See Personal Property Law, § 80.)
The evidence here is that plaintiff attempted to comply with the provisions of section 79 of the Personal Property Law. However, it has neither pleaded nor proved specific compliance with all of the provisions of that section. In particular, plaintiff has failed to show that notice was either mailed to defendants by registered mail or that it was given to them personally within the required time. Plaintiff has not shown that it posted at least three notices of sale in different public places within the *877 filing district where the goods were to be sold, at least five days before the sale. In addition, section 79 provides: “If at the time of the retaking five hundred dollars or more has been paid on the purchase price, the seller shall also give notice of the sale at least five days before the sale by publication in a newspaper published or having a general circulation within the filing district where the goods are to be sold.” At the time of the retaking defendant had paid more than $500 towards the purchase price but plaintiff has not shown compliance with this particular provision of the statute.
Plaintiff’s proof falls short of compliance with the statute. Each step provided in the statute must be taken. (Capital District L. A. W. Corp. v. Blake, 136 Misc. 651.) Therefore, since the complaint fails to state facts sufficient to constitute a cause of action, plaintiff’s motion is denied. (Friedman v. Backmann, 234 App. Div. 267; Billingsley v. Illich, 75 N. Y. S. 2d 913, affd. 272 App. Div. 1063.)
Though defendant’s affidavit submitted in opposition seems to be conclusory in nature and defective, plaintiff’s motion must still fail, because the deficiency in the affidavit cuts against the plaintiff rather than the defendant. (O’Connor-Sullivan v. Otto, 283 App. Div. 269.)
Motion denied in all respects, with leave to plaintiff, if so advised, to serve an amended complaint within 10 days after service of a copy of the order entered hereon.