## AUTO ACCEPTANCE CORPORATION *v.* JOSEPH VENEZIANO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 12-6112-1222

Argued April 13—decided August 17, 1964

*Theodore A. Lubinsky,* of Hartford, for the appellant (defendant).

*Arthur M. Lewis,* of Hartford, for the appellee (plaintiff).

PRUYN, J. The defendant has appealed from a deficiency judgment in favor of the plaintiff resulting from a resale of an automobile after its repossession by the plaintiff under a retail instalment contract. The defendant attacks two conclusions reached by the trial court but does not question any of the facts found by it. The finding reveals the following facts: On October 11, 1957, the defendant purchased an automobile under a retail instalment contract which was assigned to the plaintiff. After making some payments, he defaulted, and on October 14, 1958, the plaintiff repossessed the car. On the same day, it served notice on the defendant that the car would be sold on October 29, 1958. On that date, and at the place specified in the notice, the plaintiff sold the car. The time sale price at the time the defendant purchased the car was $5912.16. The unpaid balance at the time of repossession was $3285.35. On the date of and after repossession, the defendant was given a credit of $534.54 for insurance rebate and finance charge rebate. The defendant served no notice upon the plaintiff within ten days after the retaking demanding a resale.

The court concluded, inter alia, that the defendant had not paid at least 50 percent of the time sale price at the time of the retaking by the plaintiff and that there was due to the plaintiff the amount of the deficiency plus attorneys' fees and costs. These are the two conclusions as to which the defendant assigns error.

At the time of the events in the case before us, the applicable statutory provisions were contained in § 6700 of the 1949 Revision of the General Statutes (as amended by Public Acts 1957, No. 357, §§ 2, 3), especially in subdivisions (c), (d) and (e) thereof, the pertinent parts of which are quoted in the foot-

note[1] and are the same as the corresponding provisions of § 42-98 of the 1958 Revision of the General Statutes prior to the 1961 amendments thereto.

The first error which the defendant assigns is in the court's conclusion that he had not paid at least 50 percent of the time sale price at the time of retaking. The time sale price having been found as $5912.16 and the unpaid balance as $3285.35, on the face of it less than 50 percent had been paid, but the defendant argues that the credits for insurance and finance charge rebates in the amount of $534.54 must be taken into account, thereby making the payments over 50 percent. There is no merit to this argument. "The cash sale price of the goods, the amount, if any, included for insurance and other benefits, filing fees and the finance charge, shall together con-

---

[1] "(c) REDEMPTION. If the holder of such contract does not give the notice of intention to retake, described in subsection (b), he shall retain said goods for fifteen days after the retaking . . . , during which period the buyer . . . may redeem such goods . . . .

"(d) COMPULSORY RESALE. If the . . . buyer does not redeem said goods within fifteen days after the holder of the contract has retaken possession, and the buyer has paid at least fifty per cent of the time sale price at the time of the retaking, the holder of the contract shall sell said goods at public or private sale . . . , which sale may be held not less than fifteen days and shall be held not more than thirty days after the retaking. . . . The holder of the contract shall give the retail buyer not less than ten days' written notice of the time and place of sale either personally or by registered . . . mail directed to the buyer at his last-known place of business or residence. The holder of the contract may bid for said goods at the resale. . . .

"(e) RESALE AT OPTION OF PARTIES. If the retail buyer has not paid at least fifty per cent of the time sale price at the time of the retaking, the holder of the contract shall not be under a duty to resell said goods as prescribed in . . . [subsection (d)], unless the buyer serves upon the holder of the contract, within ten days after the retaking, a written notice demanding a resale, delivered personally or by registered . . . mail. If such notice is served, the resale shall take place within thirty days after the service, in the manner, at the place and upon the notice prescribed in said . . . [subsection (d)]. The holder of the contract may voluntarily resell such goods for the account of the retail buyer on compliance with the same requirements."

stitute the time sale price." Public Acts 1957, No. 357, § 1(c) (General Statutes § 42-83 [d]). Subdivisions (d) and (e) of § 6700, as amended, refer to the situation where the buyer has paid or has not paid "at least fifty per cent of the time sale price at the time of the retaking." It is clear that at the time of the retaking less than 50 percent of the time sale price had been paid. In the words of the trial court in its memorandum of decision, the credits "were made after the retaking and as a matter of fact were occasioned by the retaking."

Accordingly, the resale of the repossessed automobile is governed by the provisions of § 6700 (e) relating to voluntary resale. The defendant had a right thereunder to demand the resale of the car. No such demand having been made, the plaintiff was under no obligation to resell, but, having volunteered to do so, it had to comply with "the same requirements." The defendant argues that these quoted words from subdivision (e) refer to the requirements contained in subdivision (d) in respect to a compulsory resale where more than 50 percent of the time sale price has been paid. The statutory provisions involved in the case at bar are taken, in substance and to a great extent verbatim, from the Uniform Conditional Sales Act, which has been adopted in many other states, including New York and New Jersey, whose statutes are almost identical with our statute. In both these states, the words "same requirements" have been held to refer to the requirements for compulsory resale except as to the time limit of thirty days in which a compulsory resale must be held; it is sufficient if the voluntary resale takes place within such a reasonable time as would relieve the vendor from any inference that he has retained the goods, under subdivision (h) of § 6700, as his own. See such cases as *Interstate Ice & Power Corporation* v. *United States Fire Ins. Co.,*

243 N.Y. 95, 99; *Matter of White Allom & Charles Roberson of London, Inc.,* 253 App. Div. 220, 222 (N.Y.); *Capitol District L.A.W. Corporation* v. *Blake,* 136 Misc. 651, 652 (N.Y.); *Mott* v. *Moldenhauer,* 261 App. Div. 724, 726 (N.Y.) ; *H. L. Braham & Co.* v. *Zittel,* 232 App. Div. 406, 408 (N.Y.); *Vamco Corporation* v. *Ragone,* 36 Misc. 2d 876, 877 (N.Y.).

We are in accord with these cases. "The Uniform Conditional Sales act was drafted by a commission of able lawyers after most careful consideration of the remedies to be accomplished. The welfare of the buyer was given especial attention and every reasonable safeguard erected and embodied therein for his protection. Its primary purpose seems to be to protect the buyer from imposition and loss." *Plainfield Motor Co.* v. *Salamon,* 13 N.J. Misc. 570, 572. Section 6700 was designed to protect the interests of both parties in the event of a default. The seller is given the right of repossession. The buyer is given the right of redemption during the fifteen-day period (ten days in New York) after repossession. If the buyer does not redeem and has paid at least 50 percent of the time sale price, the seller must resell in compliance with subdivision (d); the purpose of this provision is to protect the buyer's substantial equity. If the buyer has paid less than 50 percent, the seller need not resell unless the buyer demands a resale; absent such demand, the seller may retain the goods or he may resell; if he resells, he must comply with the requirements of subdivision (d), which is specific as to notice of the sale, the manner of the sale and other details not contained in subdivision (e). The sale under subdivision (d) must be held "not less than fifteen days . . . after the retaking." This means that both terminal days must be excluded. *Lunt* v. *Zoning Board of Appeals,* 150 Conn. 532, 536; *Treat* v. *Town Plan & Zoning*

*Commission*, 145 Conn. 136, 139; *Austin, Nichols & Co.* v. *Gilman*, 100 Conn. 81, 85.

Similarly, under subdivision (c), on repossession the seller must retain the goods "for fifteen days after the retaking." This period of fifteen days (ten days in New York and New Jersey) is a grace period in which the buyer may cure his default. *Schnitzer* v. *Fruehauf Trailer Co.*, 283 App. Div. 421, 429 (N.Y.). Provisions for redemption are designed to avoid forfeiture of the amount paid by the conditional vendee and prevent unjust enrichment of the vendor on terms fair to both. *Clark* v. *Tri-State Discount Co.*, 151 Misc. 679, 682 (N.Y.). Redemption is very carefully guarded by law. *Triple Cities Construction Corporation* v. *Byers Machine Co.*, 172 Misc. 519, 523 (N.Y.). In the computation of the fifteen-day retention period, the day of the retaking must be excluded and the last day included; the time must fully expire before a sale may be had; the buyer has until midnight of the fifteenth day in which to redeem; the statute requires the seller to retain the goods "for fifteen days," not "until the fifteenth day." *Eisenberg* v. *Commercial Credit Corporation*, 267 N.Y. 80, 83; *Fisk Discount Corporation* v. *Brooklyn Taxicab Trans. Co.*, 270 App. Div. 491, 499 (N.Y.); *Plainfield Motor Co.* v. *Salamon*, supra.

The plaintiff, having repossessed the car on October 14 and sold it on October 29, a period of fourteen days after the repossession, failed to comply with the requirements of subdivisions (c) and (d) of § 6700 and is not entitled to a deficiency judgment against the defendant.

The plaintiff asserted that the only issue before us was whether the defendant had paid more or less than 50 percent of the time sale price, claiming that the remainder of the defendant's arguments were

not properly before us because his assignment of errors did not comply with § 990 of the 1963 Practice Book. While the defendant's assignment of errors leaves much to be desired, we have considered the entire case in the interest of substantial justice. Maltbie, Conn. App. Proc. §§ 165, 167.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion KINMONTH and LEVINE, Js., concurred.