William C. Hecht, Jr., J.
On June 19,1961, 11 Union Pharmacy, Inc., hereinafter called “ Union ”, purchased an air conditioner, pursuant to a retail installment contract which was executed on its behalf by Baumritter, its president, and Schneider, its secretary. At the same time, Union delivered its promissory note to the conditional vendor. The note was signed on behalf of the corporation, by both Baumritter and Schneider, who also signed the note individually as comakers. Both the installment contract and the note were negotiated to plaintiff for value.
*901 After having paid less than 50% of the amount due, Union defaulted. Plaintiff repossessed the air conditioner on May 22, 1962, and sold it at public auction on June 1, 1962. Notice of the sale was given to Union and was properly posted. No notice was given to Baumritter’s estate, the defendant herein. According to the auctioneer’s affidavit, the price realized at the sale was $2,000.
Plaintiff instituted this action for the amount due on the promissory note, less the net proceeds of the sale. The court below granted plaintiff’s motion for summary judgment and denied defendant’s motion to dismiss the complaint.
I am in agreement with the court below in its application of the law. Baumritter was a comaker and not a surety on the note. Therefore, it was not required that his estate be given notice of the sale (National Citizens’ Bank v. Toplitz, 81 App. Div. 593, 594-595, affd. on other grounds 178 N. Y. 464; Adamson v. Adamson, 251 App. Div. 187, 191; Haskell v. Lason, 31 N. Y. S. 2d 729, 731 [Deyo, J.]; Meadow Brook Nat. Bank of Nassau County v. Dunning, 208 N. Y. S. 2d 321, 322).
Plaintiff, as the seller’s assignee, was under no duty to resell after repossessing the machine, since the buyer had not yet paid 50% of the purchase price (see Personal Property Law, § 80). When, however, there is such resale, there must be strict compliance with the provisions of sections 78 and 79 of the Personal Property Law (Mott v. Moldenhauer, 261 App. Div. 724, 727; Island Installment Corp. v. Panico, 37 Misc 2d 186; Vamco Corp. v. Ragone, 36 Misc 2d 876; Capitol Dist. L. A. W. Corp. v. Blake, 136 Misc. 651, 652; Ellner v. Commercial Credit Corp., 137 Misc. 251,252).
Although the cited cases were all concerned with section 79 of the Personal Property Law, the same rule would be applicable to section 78. The sale here did not comply with the requirement of that section, since it was made on the 10th day after repossession, whereas it should not have been made earlier than the 11th day (Fisk Discount Corp. v. Brooklyn Taxicab Transp. Co., 270 App. Div. 491, 499-500).
This defect in the sale operated to release Union, the purchaser, from any further obligation (Personal Property Law, § 80-d). It did not, however, relieve Baumritter of his obligation on the note. Cases cited by the defendant-appellant hold that discharge of the principal debtor on a note serves also to discharge an indorser thereof (Negotiable Instruments Law, § 201; Brosnan v. Benjamin, 259 App. Div. 937; Shenkin v. Grant, 3 Misc 2d 333, 339). But section 201 applies only to “ A person *902 secondarily liable on the instrument ’ ’, not to a comaker, as Baumritter was here.
However, the judgment, in its present form, may not stand. A creditor who realizes on security given by or for the benefit of the debtor must offset the value of that security against the claim. Plaintiff concedes this fact in crediting Baumritter’s obligation with the net proceeds of the sale. Since, however, the sale was held in violation of section 78 of the Personal Property Law, the amount realized thereon should not be accepted as proof of the value of the security realized by the creditor. It will be necessary for plaintiff to establish that value by competent, independent proof.
The judgment and order should be reversed, with $10 costs, and the matter remanded to the court below for a trial solely for the purpose of assessing damages consistent herewith.