In the Matter of the General Assignment of WHITE ALLOM AND CHARLES ROBERSON OF LONDON, INC., Assignor, to GEORGE F. O'NEILL and EDWIN M. SLOTE, Co-Assignees, Respondents, for the Benefit of Creditors.

CHARLES L. ROBERSON, Claimant, Appellant.

First Department, January 28, 1938.

*James Cochran* of counsel [*Seibert Paddock & Cochran,* attorneys], for the appellant.

*Stanley M. Dorman* of counsel [*Eugene Frederick Roth* and *J. Leonard Stoll,* attorneys], for the respondents.

UNTERMYER, J.   In September, 1932, Charles L. Roberson sold certain furnishings and works of art to the partnership of White Allom & Co. under a written contract of conditional sale, pursuant to which title was to vest in the buyers upon payment of the purchase price.   The selling price was $49,241.33, of which only $840.46 was paid at the time of the sale, leaving due a balance of $48,400.87. Thereafter, the corporation, White Allom and Charles Roberson of London, Inc., succeeded to the rights and obligations of the partnership under the contract of sale.   On account of default in payment of the purchase price, the seller on August 19, 22 and 24, 1935, retook the goods then remaining in the possession of the corporation, notifying, however, both the partnership and the corporation that he did not thereby elect to terminate the contract of sale.   The seller retained the goods in his possession for upwards of the statutory period of ten days, but neither the partnership nor the corporation nor the assignees redeemed them nor made any demand for a resale.   On August 30, 1935, the corporation made an assignment for the benefit of creditors.   On September 20, 1935, the seller gave notice to the assignor and to the assignees that he intended to resell the goods at public auction on October 3, 4 and 5, 1935, and in connection with the sale observed all the requirements of the statute with respect to the posting and publication of notice.   After the sale there was found to be a deficiency of $37,598.37, for which the seller filed proof of claim in the assignment proceedings.   The referee to whom the matter was referred found as a fact that the goods had been resold within a reasonable time but disallowed the claim exclusively upon the ground that they were not resold within thirty days after the retaking.

The question, therefore, which is decisive of the case is whether, under sections 79 and 80 of the Personal Property Law relating to conditional sales, the property was required to be resold within thirty days from the time of retaking or whether it was required

to be resold within a reasonable time. Section 79 provides for a compulsory resale by the seller where the buyer has paid fifty per cent of the purchase price, "such sale to be held not more than thirty days after the retaking," with one exception not material here. Then follow requirements for notice of sale to the buyer in addition to public notice posted or published within the filing district where the goods are to be sold. Section 80 relates to instances where the buyer has not paid fifty per cent of the purchase price, in which event the seller is not under any duty to resell the goods, unless the buyer within ten days after the retaking serves a written notice demanding a resale. In that event "the resale shall take place within thirty days after the service, in the manner, at the place and upon the notice prescribed in section seventy-nine. The seller may voluntarily resell the goods for account of the buyer on compliance with the same requirements." When the seller voluntarily undertakes to resell the goods for the account of the buyer, he does so in order to be able thereafter to recover any deficiency from the buyer under section 80-b. The question now is whether the provision that such a resale shall be "on compliance with the same requirements" relates to requirements concerning the place of sale, notice to the buyer and posting or advertisement of notice of sale, or whether it includes a requirement that the property shall be sold within thirty days after the retaking or written notice by the buyer demanding a resale.

It must be conceded that the language of the statute is not entirely free from ambiguity. It contains indications, however, that where the sale is voluntary, a reasonable time rather than a fixed period of thirty days was intended to be prescribed. It is to be observed that the period of thirty days specified in section 79 is not the same period of thirty days which is specified in section 80. The former commences to run at the time of retaking; the latter from the time of the service of a written notice demanding a resale. When, therefore, section 80 refers to a resale "in the manner, at the place and upon the notice prescribed in section seventy-nine" it can only refer to those provisions of section 79 which do not relate to the time of resale. Likewise "the same requirements," compliance with which is prescribed on a voluntary resale by the seller, cannot relate to the requirement of section 80 that the sale must be within thirty days after the service of a notice demanding a resale, for no such notice is contemplated where the sale is voluntary.

However this may be, the question must be regarded as settled by the decision in *Interstate I. & P. Corp.* v. *U. S. Fire Ins. Co.* (243 N. Y. 95) which the referee declined to apply upon the ground

that the opinion of the Court of Appeals in which that question was extensively considered was in this respect mere *dictum*. In that case CARDOZO, J., said: " The defendant refers to section 65 of the statute governing conditional sales as exacting resale within a period of thirty days. The fact seems to be overlooked that section 65 as it once stood (L. 1909, ch. 45) has been superseded by sections 79 and 80 (L. 1922, ch. 642). Under the present act, which was in force in 1923, resale is not a duty if at the time of the retaking less than fifty per centum of the purchase price has been paid under the contract unless written notice demanding a resale has been given by the buyer (§ 80). The purchase price of this machinery was $15,560, and the amount unpaid $11,987.53. In such circumstances resale was not required within any determinate time in order to relieve the vendor from the inference of an election (under § 80-c) to keep the chattels as its own. At most, such an inference would arise when delay became unreasonable. We cannot say as matter of law that this limit has been exceeded." A full consideration of the facts will serve to show that this statement of the rule was not mere *dictum*, as the referee has held, but that it was necessary to the decision of the case.

That action was upon a policy of fire insurance whereby the defendant had insured the " unpaid interest " of plaintiff's assignor in certain machinery sold in 1923 to one Brady under a contract of conditional sale and installed at Rocky Mount, N. C. Upon default by the vendee in the payment of installments of the price, the sheriff seized the machinery in North Carolina on behalf of the plaintiff, though allowing it to remain in its own location under an agreement between the plaintiff and Brady. While in that location a fire seriously damaged the machinery. Thereupon the plaintiff instituted the action against the defendant for the damage to its " unpaid interest " therein. It was contended by the defendant that by operation of section 80 of the Personal Property Law the plaintiff's " unpaid interest " had been extinguished by acquisition of the property at the end of thirty days from the retaking which had long before expired. The court held, however, that since less than fifty per cent had been paid, failure to resell the property within thirty days did not constitute an election under the statute to acquire the property and thus extinguish the debt. Although the plaintiff's " unpaid interest " in the machinery had been greatly impaired by the intervening fire, it was permitted to recover for the full amount, for, said the court: " The defendant is amply protected by the right of subrogation. Let it pay to the vendor what is still due upon the sale. It will then succeed by subrogation to the remedies available against the conditional vendee."

Likewise, in *Central Acceptance Corp.* v. *Massey* (107 W. Va. 503; 148 S. E. 864) it was held, under section 20 of the Uniform Conditional Sales Act, which is identical with section 80 of our statute, that " The Act fixes no time within which the seller must make a voluntary re-sale. Therefore it must be made within a reasonable time after the property is re-taken."

We think the referee correctly held that the claim of Charles Roberson was not contingent at the time of the assignment even though Roberson might eventually have concluded to retain the property and thereby relinquish the debt. " A retaking of property by a conditional vendor is not a rescission of the contract." (*Interstate I. & P. Corp.* v. *U. S. Fire Ins. Co.*, *supra*.) The debt continued until the right to enforce it was abandoned in accordance with the statute. Especially is this true in view of the stipulation of the parties that " at the time of retaking said goods the seller duly notified the buyers and the assignor that he did not elect to terminate the aforesaid contract."

The order, so far as appealed from, confirming the referee's report should be reversed, with twenty dollars costs and disbursements, the motion to confirm should be denied, and the claim allowed.

Glennon and Dore, JJ., concur; Martin, P. J., and O'Malley, J., dissent and vote for affirmance.

Martin, P. J. (dissenting). A conditional sales vendor who retakes property upon which the vendee has paid less than fifty per cent of the purchase price is under no duty to resell the goods unless requested to do so by the vendee within ten days after retaking. The repossessing vendor, however, may voluntarily resell. In the event of a voluntary resale the requirements of section 79 as to manner, place and notice of sale must be complied with. Section 80 fixes no time limit for a voluntary resale. Section 79 requires sale not more than thirty days after retaking. The Court of Appeals, in *Interstate I. & P. Corp.* v. *U. S. Fire Ins. Co.* (243 N. Y. 95), has held that, in order to relieve the vendor from the inference of an election (under § 80-c) to keep the chattels as its own, resale should be had within a reasonable time. In that case, however, there was no resale. Within a fortnight after retaking, the goods were destroyed by fire, and the primary question before the court was the insurable interest of the vendor.

Section 80 of our statute is the same as section 20 of the Uniform Conditional Sales Act. In *Central Acceptance Corp.* v. *Massey* (107 W. Va. 503; 148 S. E. 864) section 20 of the Uniform Conditional Sales Act was considered. That action was between

the assignee of the conditional sales contract and the original vendor. The latter was sought to be held liable for the balance due on notes given by conditional sales vendees to secure deferred payments. It appeared that the vendees defaulted before payment of fifty per cent of the purchase price and the assignee took possession of the automobiles sold on the conditional sales contracts, retained the automobiles and sought to hold the vendor for balance due on the notes, but it was held that such balance could not be sued for prior to a resale (*Central Acceptance Corp.* v. *Frye*, 103 W. Va. 689; 138 S. E. 369). Then, after the lapse of some six months, the cars were sold and the assignee again sought to hold the vendor liable for the balance. The West Virginia court held that a voluntary sale must take place within a reasonable time after the property is retaken, and denied recovery. It is of interest to note that in that case the court said: " The same reasons which require a compulsory re-sale to be made promptly require speedy action in case of a voluntary re-sale."

In cases involving vendor and vendee, where a voluntary resale has been had, it has been held that all the requirements of section 79 must be complied with (*Capitol District L. A. W. Corp.* v. *Blake*, 136 Misc. 651; *Braham & Co., Inc.*, v. *Zittel*, 232 App. Div. 406).

Considering the object sought to be accomplished by the legislation covering resale, to wit, the protection of the conditional sales vendee (see discussion following section 19 of Uniform Conditional Sales Act in Uniform Laws Annotated, vol. 2, p. 31), it would seem clear that in the event of a voluntary resale all the requirements of section 79 must be complied with.

The order, so far as appealed from, should be affirmed.

O'MALLEY, J., concurs.

Order, so far as appealed from, reversed, with twenty dollars costs and disbursements to the appellant, the motion to confirm the referee's report denied and the claim allowed. Settle order on notice.