STARK & SON, A CORPORATION, APPELLANT, v. PHIL LICASTRO, RESPONDENT.

Submitted October 7, 1941—Decided November 22, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Feder & Rinzler.*

For the respondent,

The opinion of the court was delivered by

PARKER, J. The suit arises out of the conditional sale of a gas range by plaintiff-appellant to defendant-respondent. The purchaser defaulted in the payments and the seller re-took the property. There was an unpaid balance of $127.14 which was more than fifty per cent. of the purchase price. The case was therefore within *R. S.* 46:32-26, originally enacted in this state as section 20 of the Uniform Conditional Sales Act, first appearing in our statutes as chapter 210 of *Pamph. L.* 1919, § 20, being at *p.* 468.

The cases covered by section 19, *i. e.,* where more than fifty per cent. has been paid, the seller "must" sell the goods at auction within thirty days *after the retaking.* In cases under section 20, the seller may resell, but is not required to do so unless the buyer serves a demand in writing within ten days: in which case, "the resale shall take place within thirty days *after the service,* in the manner, at the place, and upon the notice prescribed in" the former section 19. Section 20, now *R. S.* 46:32-26, concludes with the following sentence:

"The seller may voluntarily resell the goods for account of the buyer on compliance with the same requirements;" and the trial court held that "the same requirements" included the requirement that the voluntary sale by the seller, and "for account of the buyer" should take place within thirty days after the retaking, as if more than fifty per cent. had been paid.

We think that this was error. If the buyer had served a demand on the tenth day after the retaking, as limited in the statute, the seller would have had thirty days thereafter, or forty in all after the retaking, to make his resale. But the trial court ruled that where no demand was made, but the sale was to be voluntary, it must be made ten days earlier than if demanded. Such a result cannot reasonably be gathered from the statute. The phrase "same requirements" obviously, we think, refers to a resale "at the place and upon the notice prescribed in" said section 46:32-25 (formerly section 19). The buyer may set a time limit by serving a demand in due season: but failing that demand, no definite time limit is set in the statute.

The object of a resale is to open the door to a personal suit against the buyer for any deficiency, and naturally such a suit should not be indefinitely delayed. The New York courts have applied the rule of reasonable time. *Interstate, &c., Co.* v. *U. S. Fire Insurance Co.,* 243 *N. Y.* 95; *In re White Allom, &c.,* 253 *App. Div.* 220. We think that rule is sound, and should be accepted in this state.

These considerations lead to a reversal of the judgment under review. As the sale was in fact within forty days after the retaking, we think that it cannot be said that the time was other than reasonable: but the case must go back to the trial court for an ascertainment of the balance due plaintiff and the entry of judgment for that balance.