58 N.J. Super. 161 (1959)
155 A.2d 787
BERGEN AUTO COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CORINO MATTAROCHIO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 10, 1959.
Decided November 19, 1959.
*162 Before Judges PRICE, SULLIVAN and FOLEY.
Mr. James S. Ely, Jr., argued the cause for plaintiff-respondent (Messrs. Ely and Ely, attorneys).
Mr. George E. Davey argued the cause for defendant-appellant.
The opinion of the court was delivered by SULLIVAN, J.A.D.
This appeal involves the interpretation of the repossession and resale provisions of our Uniform Conditional Sales Law, R.S. 46:32-1 et seq.
In August 1957 the plaintiff sold a Buick automobile to defendant under a time-payment conditional sales contract. The net purchase price, after allowance for a trade-in of a used car, was $4,017.96. Plaintiff assigned the contract to General Motors Acceptance Corporation (hereinafter called GMAC), with recourse against plaintiff in the event of default and repossession. The defendant made three payments *163 totaling $334.83 but defaulted in his December 1957 installment. When he again defaulted on his January 1958 installment, the automobile was repossessed by GMAC on January 29, 1958 and delivered to plaintiff the same day. The contract apparently was not reassigned to plaintiff until March 1958. It was explained that it took several weeks "to calculate the necessary refunds." There is proof though that the GMAC bill to plaintiff is dated February 20, 1958. Payment thereon was not made until some time in March. Defendant made no demand for a resale of the car; however, on April 25, 1958 plaintiff had the car sold at a constable's sale. Thereafter this suit for deficiency was commenced.
At the conclusion of the case, the trial judge ruled that the resale had been held under the provisions of section 26 of the act (R.S. 46:32-26) and that since the statute did not fix any specific time for resale, 45 days after repossession would have been a reasonable time within which to have had the resale, and that the defendant had been prejudiced by the relatively long delay of 86 days. He held, however, that the resale was not void and that the delay should be taken into account in fixing the amount of the deficiency. He did so by crediting defendant with $150 representing "diminished value" in the car beyond the 45-day period. A judgment of $527.34 was thereupon entered in favor of plaintiff.
Defendant appeals on the ground that the court, having found that the resale of the car was not held within a reasonable time after repossession, should have dismissed plaintiff's claim.
A review of the pertinent provisions of our Uniform Conditional Sales Law is appropriate. Section 22 (R.S. 46:32-22) provides that if the buyer defaults in the payments due under the contract, the seller may retake possession of the goods. Section 25 (R.S. 46:32-25) provides that if the buyer does not redeem the goods within ten days, and at least 50% of the purchase price has been paid at the time of retaking, the seller shall sell the goods at public *164 auction within 30 days. The procedure to be followed is therein prescribed. Section 26 (R.S. 46:32-26) provides that if the buyer has not paid at least 50% of the purchase price at the time of retaking, the seller shall not be under a duty to resell the goods as provided in section 25, unless the buyer, within ten days after retaking, serves upon the seller a written notice demanding a resale. In such event the resale shall take place within 30 days after service of the notice, and in the manner prescribed in section 25. The final provision of section 26 reads as follows: "The seller may voluntarily resell the goods for account of the buyer on compliance with the same requirements." It is this latter clause which applies to the instant case. Section 28 (R.S. 46:32-28) provides that if the proceeds of a resale are not sufficient to pay expenses of retaking, etc., and the balance due upon the purchase price, the seller may recover the deficiency from the buyer by an action at law. Section 29 (R.S. 46:32-29) provides that where there is no resale, the seller may retain the goods as his own property, and the buyer shall be discharged of all obligation.
Two questions are presented by the present appeal. First, what are the provisions of the act regarding the time for holding a voluntary resale after repossession by the seller? Second, if plaintiff has not complied with such provisions, may it nevertheless maintain a deficiency suit under section 28?
The trial judge was correct in his ruling that the voluntary resale provisions of section 26, quoted above, do not fix a specific time within which such resale must be had. It was so held in Stark & Son v. Licastro, 127 N.J.L. 380 (Sup. Ct. 1941), in which the rule of a reasonable time is applied to a voluntary resale, the court saying at page 381 of 127 N.J.L.:
"The object of a resale is to open the door to a personal suit against the buyer for any deficiency, and naturally such a suit should not be indefinitely delayed. The New York courts have applied the rule of reasonable time. Interstate Ice & Power Corporation v. *165 United States Fire Insurance Co., 243 N.Y. 95, 152 N.E. 476; In re White Allom & Charles Roberson of London, 253 App. Div. 220, 1 N.Y.S.2d 715. We think that rule is sound, and should be accepted in this State."
In the instant case the trial judge applied the same rule, holding that 45 days would have been a reasonable time within which to hold the resale, and that defendant had been prejudiced by the relatively long delay of 86 days. This ruling, which has not been challenged, amounts to a determination that plaintiff had not resold in accordance with the provisions of the statute.
May plaintiff maintain its deficiency suit despite its failure to follow the statute? The answer is no. The right to bring a deficiency claim on a conditional sales contract is statutory. Compliance with the resale provisions of the statute is a prerequisite to maintaining such suit. Plaintiff, by not reselling within a reasonable time, must be considered as having elected to retain the goods and to discharge the buyer of the debt. Veterans Loan Authority v. Rozella, 21 N.J. Super. 1 (App. Div. 1952). Cf. Central Acceptance Corp. v. Massey, 107 W. Va. 503, 148 S.E. 864 (Sup. Ct. App. 1929); In re White Allom & Charles Roberson of London, Inc., 253 App. Div. 220, 1 N.Y.S.2d 715 (App. Div. 1938). Once the trial judge determined that the resale had not been held within a reasonable time, he should have ruled that plaintiff could not sue for a deficiency.
Reversed with instructions to enter a judgment for defendant.