CLAUDE PETERMAN, Petitioner, v. SHORE MOTORS, INC., a corporation of the State of Delaware, Respondent.

(*November* 16, 1961.)

TERRY, P. J., sitting.

*Harrison F. Turner* for the Petitioner.

*Harvey S. Kronfeld* for the Respondent.

Superior Court for Kent County, No. 71, C. A., 1961.

TERRY, P. J.:

Claude Peterman (hereinafter referred to as conditional buyer) and Shore Motors, Inc., (hereinafter referred to as conditional seller), entered into a conditional sale contract for a 1956 Ford Station Wagon. The purchase price was $1,195.68. The conditional buyer defaulted in payments, having paid only $124.50. On February 7, 1961, the conditional seller repossessed the automobile. On February 17, 1961, the conditional seller had judgment entered on a confession of judgment note signed by the conditional buyer. On March 24, 1961, the conditional seller gave the conditional buyer written notice of its intention to re-sell the automobile at public auction. Such sale was made on April 4, 1961.

The conditional buyer now petitions to open the judgment by confession and present a valid defense. In support of his petition, the conditional buyer contends that the conditional seller failed to have a public sale of the repossessed vehicle within thirty days of the time of repossession, and has estopped itself from any recourse against the conditional buyer on the purchase price as provided by *Del. Code Ann.* tit. 6, § 923 (1953).

The question presented is whether or not a valid resale was made entitling the conditional seller to a deficiency decree purusant to the Delaware Conditional Sales Act, where the resale was made more than thirty days after the date of repossession.

Since the conditional buyer did not pay fifty per cent of the purchase price, a resale was not required. *Del. Code Ann.* tit. 6, §§ 919, 920 (1953). The applicable statute is *Del. Code Ann.* tit. 6, § 920 (1953), which reads as follows:

"If the buyer has not paid at least 50 per cent of the purchase price at the time of the retaking, the seller shall not be under a duty to resell the goods as prescribed in section 919 of this title, unless the buyer serves upon the seller, within ten days after the retaking, a written notice demanding a resale, delivered personally or by registered mail. If such notice is served, the resale shall take place within 30 days after the service, in the manner, at the place and upon the notice prescribed in said section. The seller may voluntarily resell the goods for account of the buyer on compliance with the same requirements."

Since the conditional buyer did not demand a resale pursuant to § 920, the resale made was a voluntary one. Such voluntary resale is governed by the last sentence of § 920:

"The seller may voluntarily resell the goods for account of the buyer *on compliance with the same requirements.*" (Emphasis added.)

The construction to be placed upon this last sentence determines the issue in this case.

*Bowden v. Sussex Studebaker, Inc.*, 164 A. 2d 595 (Del. Super. Ct. 1960) is a case similar to the case at bar. There, the buyer paid less than 50 per cent of the purchase price for an automobile, and executed a judgment note and conditional sales contract for the balance. Upon default by the buyer, the seller repossessed the automobile on March 11, 1958, and sold it on April 8, 1958. The Court commented as follows:

"Section 920 does not require the seller to resell the automobile if the buyer has paid less than 50% of the purchase price, unless the buyer demands it. However, the seller may voluntarily resell the goods for the account of the buyer *on compliance with the applicable requirements of Section 919.* * * * The purpose of the voluntary resale is to give the

seller the right to hold the buyer to the obligation for any deficiency." *Id.* at 598. (Emphasis added.)

It should be noted that the resale in *Bowden* was made within the 30 day time limit set by § 919. Thus, *Bowden* did not decide the issue in this case, *i.e.*, whether the time limit of § 919 is one of the "applicable requirements of Section 919" that must be followed when a voluntary resale is made under § 920.

Our § 919 and § 920 are § 19 and § 20, respectively, of the Uniform Conditional Sales Act. 2 *Uniform Laws Annot.* pp. 30-34 (1922). Therefore, reference should be made to interpretations placed upon these sections by other jurisdictions that have enacted the Uniform Act.

It is stated in *Eager, Chattel Mortgages and Conditional Sales* § 433 (1941), commenting on New York Law, as follows:

"When the buyer does not serve a notice requiring a resale as provided by law and the buyer has not paid at least 50 per cent. of the purchase price of the goods, there is no definite time limit as to when the goods are to be resold by the seller in order to charge the buyer with a deficiency. It is held, that, under such circumstances, the only requirement is that the seller hold his resale within a reasonable time after the retaking, and when the resale is so held, the buyer will be charged with the deficiency; and a delay by a conditional seller in holding the resale may not be found unreasonable without reference to the circumstances in the particular case."

*In re White Allom & Charles Robertson of London, Inc.,* 253 *App. Div.* 220, 1 *N. Y. S.* 2d 715 (1st Dep't 1938) is a case where the seller repossessed goods and sold them approximately 45 days thereafter. The buyer made an assignment for the benefit of creditors, and the seller filed his claim for deficiency in sale in the assignment proceedings. The referee found the goods were resold within a reasonable time, but

disallowed the seller's deficiency claim on the ground that the goods were not resold within 30 days after the retaking. The Appellate Division allowed the seller's deficiency claim and stated:

"The question now is whether the provision that such a resale shall be 'on compliance with the same requirements' relates to requirements concerning the place of sale, notice to the buyer, and posting or advertisement of notice of sale, or whether it includes a requirement that the property shall be sold within 30 days after the retaking or written notice by the buyer demanding a resale.

"It must be conceded that the language of the statute is not entirely free from ambiguity. It contains indications, however, that, where the sale is voluntary, a reasonable time rather than a fixed period of 30 days was intended to be prescribed. It is to be observed that the period of 30 days specified in section 79 is not the same period of 30 days which is specified in section 80. The former commences to run at the time of retaking; the latter from the time of the service of a written notice demanding a resale. When, therefore, section 80 refers to a resale 'in the manner, at the place and upon the notice prescribed in section seventy-nine' it can only refer to those provisions of section 79 which do not relate to the time of resale. Likewise 'the same requirements' compliance with which is prescribed on a voluntary resale by the seller cannot relate to the requirement of section 80 that the sale must be within 30 days after the service of a notice demanding a resale for no such notice is contemplated where the sale is voluntary." *Id.* 1 *N. Y. S.* 2d at 717. Accord, *Interstate Ice & Power Corp. v. United States Fire Ins. Co.,* 243 *N. Y.* 95, 152 *N. E.* 476 (1926).

The West Virginia Supreme Court of Appeals, *Central Acceptance Corp. v. Massey,* 107 *W. Va.* 503, 148 *S. E.* 864, commented on the Uniform Act as follows:

"The act fixes no time within which the seller must make a voluntary resale. Therefore it must be made within a reasonable time after the property is retaken. The same reasons which require a compulsory resale to be made promptly require speedy action in the case of a voluntary resale. The delay of many months in making a voluntary resale of repossessed property is unreasonable in the absence of satisfactory explanation." *Id.* at 865 of 148 S. E.

In *Bergen Auto Co. v. Mattarochio*, 58 *N. J. Super.* 161, 155 *A.* 2d 787 (1959), the court held that the voluntary resale provisions of the Uniform Act did not fix a specific time within which such resale must be made. The court said that such resale must be held within a reasonable time. Resale within 45 days after repossession was deemed reasonable, but a delay of 86 days was held unreasonable.

In *Stark & Son v. Licastro*, 127 *N. J. L.* 380, 22 *A.* 2d 768 (1941), the court reversed a lower court holding that a voluntary resale must be made within 30 days after repossession. The court stated:

"If the buyer had served a demand on the tenth day after the retaking, as limited in the statute, the seller would have had thirty days thereafter, or forty in all after the retaking, to make his resale. But the trial court ruled that where no demand was made, but the sale was to be voluntary, it must be made ten days earlier than if demanded. Such a result cannot reasonably be gathered from the statute. The phrase 'same requirements' obviously, we think, refers to a resale 'at the place and upon the notice prescribed in' said Section 46: 32-25, formerly Section 19. The buyer may set a time limit by serving a demand in due season; but failing that demand, no definite time limit is set in the statute." *Id.* 22 *A.* 2d at 769.

The court then approved the New York "reasonable time rule" and stated that the resale made within 40 days after the retaking was reasonable.

I accept the reasoning of the above-cited authorities, and hold that the sale in the case at bar was not required to be made within 30 days after repossession by the conditional seller.

The voluntary resale provisions of § 920 do not require a seller to sell the repossessed goods within 30 days after repossession pursuant to § 919. No specific time limit is set for a voluntary resale under § 920. The courts agree that such sale must be made within a reasonable time after the retaking.

It is my conclusion that a delay by the seller in selling the repossessed automobile in the present case for a period of 57 days, is not unreasonable.

The Petition to open the judgment is denied.

An Order will be entered accordingly.