421 P.2d 325

**COMMERCIAL CREDIT EQUIPMENT COR-PORATION, a corporation, Appellant and Cross-Appellee,**

v.

**Roy KELLAND, Appellee and Cross-Appellee,**

and

**Beeler Equipment, Inc., a corporation, Appellant and Cross-Appellant.**

**No. 7869.**

Supreme Court of Arizona.

In Banc.

Dec. 7, 1966.

**478**

Byrne & Green, Yuma, for appellant and cross-appellee.

Brandt & Baker, Yuma, for appellee and cross-appellee.

Westover, Copple, Keddie & Choules, Yuma, for appellant and cross-appellant.

UDALL, Justice.

Commercial Credit Equipment Corporation (hereinafter referred to as plaintiff) brought this action on its amended complaint against Walter L. Dice, Roy Kelland, and Beeler Equipment, Inc., (hereinafter referred to as Beeler) to recover the balance due on a conditional sales contract. Plaintiff alleged that Dice had purchased a combine harvester from Beeler executing a conditional sales agreement therefor, and that Kelland signed as a co-signer. Beeler had assigned the contract to plaintiff, but the payments thereon had not been made and plaintiff had sold the combine pursuant to statute and now desired a deficiency judgment.

Dice offered no defense on the merits, but answered alleging his discharge in bankruptcy. Beeler and Kelland answered alleging that plaintiff had repossessed the combine and retained it without reselling for such length of time as to release all parties liable under the contract and counterclaimed for attorney fees and punitive damages for having to defend the suit. Beeler also filed a cross claim against Kelland for judgment over for anything Beeler was obligated to pay plaintiff.

At the trial the issues were submitted on special interrogatories to a jury, which resolved them in favor of defendants Beeler and Kelland. The trial court entered judgment upon the special verdict in favor of Kelland for $1,750.00 as attorney fees and for $10,000.00 as exemplary or punitive damages and against plaintiff. However, upon plaintiff's motion for judgment notwithstanding the verdict judgment was entered in favor of plaintiff and against Beeler for the balance due on the conditional sales contract, which was $3,740.35, plus attorney fees of $875.00. Judgment was

also ordered by the court in favor of Dice on all matters and in favor of Kelland and against Beeler on its cross claim. Plaintiff appeals from the denial of its motions for judgment notwithstanding the verdict against Kelland and for a new trial on Kelland's counterclaim. Also, Beeler cross-appeals from the judgment notwithstanding the verdict entered in favor of plaintiff and from the judgment dismissing Beeler's cross-complaint against Kelland.

The facts, briefly stated, were that Beeler, as a farm machinery dealer, sold a combine to Dice on July 30, 1959. The sale was consummated as a conditional sale, with the agreement signed by Beeler as seller, Dice as buyer and by Kelland as a co-signer. The contract, the terms of which called for the payment of three annual installments of $2,710.50 due on January 30th of 1960, 1961 and 1962, was assigned to plaintiff by Beeler. As a part of the assignment Beeler agreed that in the event of Dice's default, it would repurchase the interest of plaintiff in the combine and pay plaintiff the unpaid balance due on the contract, plus the expenses of repossession and collection, including attorney fees.

Beeler also agreed that plaintiff could release any rights against the buyer and grant any extension of time of payment without affecting the liability of Beeler to the plaintiff. By way of further security to plaintiff, Beeler executed and delivered a specific guaranty which contained, among other promises and agreements, the following:

"In the event of any breach of any of the terms and conditions of the Instrument, we will pay to CCEC, immediately upon demand, the unpaid balance owing thereon, without requiring any proceedings to be taken by CCEC against Buyer or the property covered thereby."

Dice took possession of the combine in July, 1959 and used it, but when the first installment of $2,710.50 became due on January 30, 1960, Dice made only a partial payment of $750.00. Plaintiff notified Beeler by letter that if Dice was unable to pay the balance of the first installment Beeler would have to repurchase the interest of plaintiff by paying the balance due on the contract. Between January and September of 1960, plaintiff also corresponded with Dice concerning his delinquency, until finally by reason of Dice's continuing default, plaintiff repossessed the combine on September 20, 1960. On September 22nd, plaintiff notified Dice, Kelland and Beeler of such fact and made formal demand on all three defendants for the balance due on the contract.

The defendants failed to pay as demanded, but on November 17, 1960, 57 days after the repossession, possession of the combine was returned to Dice pursuant to a written agreement between Dice, Kelland and plaintiff, by which the time for payment of the 1960 installment was extended. However, Dice again failed to make the payments when due, whereupon this suit was filed February 1, 1961. The combine was repossessed by plaintiff on February 8, 1961, and after the proper notices and publication, was sold at public auction on March 7, 1961, to Roland Beeler for $3,800.00. The proceeds of the sale were applied to the balance due on the contract and there remained due the sum of $3,740.35.

Plaintiff's first assignment of error is that the verdict and judgment in favor of Kelland and against plaintiff on plaintiff's complaint is unsupported by the evidence and contrary to law for the reason that the holding of the combine for 57 days after repossession without proceeding with notice of public sale was not unreasonable under the circumstances.

A.R.S. § 44–320 does not require the resale of the goods if the conditional buyer has paid less than 50 per cent of the purchase price, unless the buyer demands it. Herein, Dice had not paid more than 50 per cent of the purchase price at the time plaintiff repossessed the combine and Dice did not demand a resale, so, any resale by plaintiff would have been voluntary. Such

a voluntary sale is governed by the last sentence of § 44–320:

"The seller may voluntarily resell the goods for account of the buyer on compliance with the same requirements."

Our § 44–320 is § 20 of the Uniform Conditional Sales Act. 2 Uniform Laws Annot., pp. 30–34 (1922). The courts in other jurisdictions that have enacted the Uniform Act agree that the proper interpretation of this section is that no specific time limit is set for a voluntary resale, the only requirement being that such a sale must be made within a reasonable time after the retaking. In re White Allom & Charles Roberson of London, Inc., 253 App.Div. 220, 1 N.Y.S.2d 715; Central Acceptance Corp. v. Massey, 107 W.Va. 503, 148 S.E. 864; Peterman v. Shore Motors, Inc., 54 Del. 229, 175 A.2d 739.

The question therefore presented is what is a "reasonable time". In Bergen Auto Co. v. Mattarochio, 58 N.J.Super. 161, 155 A.2d 787, the court deemed a resale of an automobile within 45 days after repossession to be reasonable, but a delay of 86 days to be unreasonable. The court in Stark & Son v. Licastro, 127 N.J.L. 380, 22 A.2d 768, stated that the holding of a gas range for 40 days before resale was not unreasonable. A 45 day delay was held to be reasonable in In re White Allom & Charles Roberson of London, Inc., supra, which involved furnishings and works of art. In Peterman v. Shore Motors, Inc., supra, the court held that a 57 day delay in making a voluntary resale of a repossessed automobile was not unreasonable.

The criteria by which the courts have determined the reasonableness of any particular period of time have not been made clear in the majority of the reported decisions. However, a definitive statement was made by the West Virginia Supreme Court of Appeals in Central Acceptance Corp. v. Massey, 148 S.E. at 865, and it appears to be accepted in all jurisdictions which follow the "reasonable time" rule:

"A 'compulsory resale' under the act must be made within 30 days after property is retaken. * * * Prompt action is required for the obvious purpose of preventing a deterioration in value of the property. The act fixes no time within which the seller must make a voluntary resale. Therefore it must be made within a reasonable time after the property is retaken. The same reasons which require a compulsory resale to be made promptly require speedy action in case of a voluntary resale. The delay of many months in making a voluntary resale of repossessed property is unreasonable in the absence of satisfactory explanation."

It is manifest from the above quotation that a prime consideration in determining whether the delay is unreasonable is whether there was a "deterioration in value of the property". Hence, the greater the extent to which the market value declined during the period after the retaking and before the resale, the more compelling it becomes to make a finding that the time was unreasonable. Yet, in the situation wherein the value of the goods deteriorated extensively, there arises another consideration in order to protect the seller from losing his right to recover a deficiency merely because of such a deterioration; the consideration is whether the seller has a "satisfactory explanation" for the delay. If the seller does have such an explanation, the fact that the market value materially diminished during the period becomes a less compelling factor. Likewise, "the absence of a satisfactory explanation" for the delay becomes a compelling factor in the situation wherein the market value of the goods declines not at all or minimally over a period of "many months". Such must be a primary consideration in such a case in order to prevent the seller from holding the goods at his pleasure as long as he likes and keeping the conditional buyer at his peril.

In the case at bar, there was expert testimony by a Mr. Braden to the effect that the market value of the combine had not decreased during the repossession period.

"Q I would like your opinion, Mr. Braden, as to whether or not during the time that you had this combine in storage from September 20th to November 17th, 1960, there was any appreciable decrease in its market value?

"A Now at that time of year, I would say that that wasn't the normal combine season that you would be selling combines. The spring of the year is really the combine season. It was in there for about sixty days. I would say that normally if we had a piece of machinery that we traded for, that was in there for sixty days, that at the end of the sixty days we wouldn't reduce the price on it. Machinery doesn't move that fast.

"Q So it would have the same market value then at the end of the period as it did at the beginning?

"A At that time of year I would say that it would have. Now in the spring, it would be a different story."

A thorough search of the record disclosed no evidence which contradicted the testimony of Braden. After viewing the facts and evidence in light of the principles garnered from the Massey case we are of the opinion that a 57 day delay by plaintiff in proceeding with notice of sale under the Conditional Sales Act was not unreasonable under the circumstances. We think the fact that there was no deterioration in value of the combine during the repossession period is determinative herein. The controlling factor is not the absence of a satisfactory explanation for the delay by plaintiff for the reason that 57 days is not a sufficient length of time to be denominated "many months".

At the trial, the question of the reasonableness of the time was submitted to the jury as Interrogatory No. 1. Under the special verdict of the jury, the jury found that the time was unreasonable, which finding was adopted by the court and made the basis of the judgment.

It is the law of this state that if special verdicts of the jury are supported by evidence, they are binding upon the court, but where there is no evidence to support the special verdict, it is not binding. In re Morrison's Estate, 55 Ariz. 504, 103 P.2d 669. Since we find no evidence to support the jury's special verdict and no evidence of prejudice against the interest of Kelland, we think it was not binding on the trial court and that being so, it was error for the court to deny plaintiff's motion for judgment notwithstanding the verdict against Kelland. Furthermore, since the trial court's judgment in favor of Kelland on his cross-claim for punitive damages for having to defend a spurious law suit was based on the finding that the time was unreasonable, such judgment must be vacated.

Cross-appellant Beeler attacks the judgment notwithstanding the verdict entered in favor of plaintiff on the assumption that the 57 day repossession period was an unreasonable length of time and therefore, that the buyer, Dice, and the co-signer, Kelland, were discharged of all obligation under the contract. Beeler alleges that since the plaintiff's failure to resell the combine within a reasonable time discharged the buyer and seller under the conditional sales contract, such also discharged Beeler's obligation. In view of our finding that the 57 day delay was not unreasonable in this case and hence, did not have the effect of discharging the obligation of Kelland, it could not possibly have the effect of discharging Beeler's obligation. Hence, we find no merit in Beeler's contention.

By the same token, since the 57 day delay was not unreasonable and Kelland was thereby not discharged of his obligation as co-signer, Kelland is not released from his obligation to reimburse Beeler for any sums which Beeler might have to pay upon its guaranty of the contract to plaintiff.

For the foregoing reasons, judgment of the lower court is reversed as to plaintiff

and Beeler and the cause remanded with instructions for the court below to grant judgment in favor of plaintiff and against Kelland for the balance due on the conditional sales contract, and against Kelland on his counter claim; and in favor of Beeler on his cross-claim and against Kelland for judgment over for anything Beeler is obligated to pay plaintiff. Judgment of the lower court is affirmed in favor of plaintiff and against Beeler.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFARLAND, JJ., concur.